UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

---

SCOTT WEAVER, individually and on
behalf all others similarly situated,

    Plaintiff,

v.                                              Case No. 2:18-cv-01996-JPS

CHAMPION PETFOODS USA INC. and
CHAMPION PETFOODS LP,

    Defendants.

---

**DEFENDANTS CHAMPION PETFOODS USA INC.'S AND CHAMPION PETFOODS LP'S CIVIL L.R. 7(H) UNOPPOSED EXPEDITED NON-DISPOSITIVE MOTION TO STAY**

---

Champion Petfoods USA, Inc. and Champion Petfoods LP (collectively, "Champion") request a stay of Plaintiff Scott Weaver's putative class action Complaint under the first-filed rule pending resolution of a similar class action against the same Champion companies already being litigated in this Court, *Loeb v. Champion Petfoods USA Inc. et al.*, Case No. 2:18-cv-00494-JPS (the "*Loeb* Action" or "*Loeb*"). Plaintiff Weaver filed this case as a related case under Civil L. R. 3(b) just months before *Loeb* was set for trial. Although Weaver's claims overlap with Loeb's in that both allege the presence of heavy metals in Champion's pet food products, the *Weaver* Complaint also adds allegations relating to the presence of bisphenol A ("BPA") or pentobarbital in certain products or diets, as well as misrepresentation, negligence and fraud by omission claims. Plaintiff Weaver is a member of the proposed class in *Loeb*, and the putative class members that he seeks to represent are subsumed in the putative class that Loeb seeks to represent. For these reasons, the outcome in *Loeb* may guide how various motions, discovery, and class certification are handled here. ***Finally***, ***Plaintiff agrees that the case should be stayed pending resolution of the claims in Loeb.*** Declaration of Susan Lovern ("Lovern Decl."), ¶ 10.

On March 28, 2018, Loeb filed a putative class action Complaint in this District. *Id.*, ¶¶ 2-3; Ex. A ("*Loeb* Compl."). On June 7, 2018, this Court dismissed Loeb's Wis. Admin. Code § ATCP 90.02 – False, Deceptive and Misleading Labeling and Identification, and breach of express and implied warranty claims, leaving only her Wisconsin Deceptive Trade Practices Act - § 100.18 and unjust enrichment claims. *Id.*, ¶ 4. Loeb seeks to represent a putative class of "All persons and entities who purchased a Champion dry dog food product for end use and not for resale within the State of Wisconsin on or after March 28, 2015 (the "Class")." *Loeb* Compl., ¶ 21. *Loeb* is scheduled for trial on March 11, 2019. Lovern Decl., ¶ 8.

Plaintiff's counsel in this case originally filed a putative class action in the Central

District of California on March 1, 2018, captioned *Reitman et al. v. Champion Petfoods USA, Inc. et al.*, Case No. 2:18-cv-01736-DOC-JPR ("*Reitman*"). *Id.*, ¶ 5. Weaver was added as a plaintiff in the *Reitman* case by Amended Complaint on April 19, 2018. *Id. Reitman* was a twelve-state putative class action, but on October 10, 2018 the *Reitman* Court dismissed the Amended Complaint for lack of personal jurisdiction, finding that there was no basis for jurisdiction over Weaver and the other non-California plaintiffs. *Id.*, ¶ 6. On December 18, 2018 Weaver filed his Complaint in this Court. *Id.*, ¶ 7. Champion's response to the Complaint is due on February 19, 2019. *Id.* The *Weaver* Complaint is substantially similar to *Loeb* in that it makes the same factual allegations about the presence of heavy metals in Champion's pet food products and applies to a similar putative class of Wisconsin residents, but *Weaver* also adds allegations regarding BPA and pentobarbital that are not at issue in the *Loeb* Action. Dkt. 2, *Weaver* Compl. Moreover, by the time Weaver refiled in this Court, written discovery had been exchanged, Champion had produced over 2,000,000 pages of documents, third-party subpoenas were issued, and depositions of several fact witnesses had been conducted in *Loeb*. Lovern Decl., ¶ 8. Now expert depositions are underway, class certification and summary judgment have been fully briefed, and a jury trial is set to begin on March 11, 2019. *Id.*, ¶¶ 8-9; Ex. B.

Federal courts have the inherent power to manage their dockets to conserve judicial resources and promote the efficient disposition of cases. In deciding a motion to stay, courts consider the following factors, all of which weigh in favor of a stay: (1) the stage of the litigation; (2) whether a stay will unduly prejudice or tactically disadvantage the non-moving party; (3) whether a stay will simplify the issues in question and streamline the trial; and (4) whether a stay will reduce the burden of litigation on the parties and the court. *Grice Eng'g, Inc. v. JG Innov., Inc.*, 691 F. Supp. 2d 915, 920 (W.D. Wis. 2010). **First**, written discovery, fact

depositions, expert discovery, class certification and summary judgment briefing are all at advanced stages, and *Loeb* is scheduled for trial in just over two months. **Second**, Plaintiff does not oppose, nor would he suffer any prejudice from, a stay. Weaver is already a member of the putative class in *Loeb*. Champion, however, would be prejudiced by having to defend the same claims in two competing, similar class actions simultaneously. **Third**, the crux of the allegations in both the *Loeb* and *Weaver* complaints is that Champion's pet foods contain levels of heavy metals, and that Champion's alleged failure to disclose this rendered its advertising statements misleading. *Compare Loeb* Compl., ¶ 24 *with Weaver* Compl., ¶ 111. Thus, the outcome of the *Loeb* Action will likely provide guidance as to how motions and other activities will be handled in the present action, thereby simplifying the issues to be decided here. *See Milwaukee Elec. Tool Corp. v. Hilti, Inc.,* 138 F. Supp. 3d 1032, 1038 (E.D. Wis. 2015) ("the most important factor bearing on whether to grant a stay in this case is the prospect that the [first] proceeding will result in simplification of the issues before the Court."). **Finally,** substantial judicial and party resources will be conserved if this case is stayed. "[M]ost significantly, it hardly can be disputed that a stay would preserve the resources of the parties, including [the non-moving party], and reduce the burden of litigation on the court." *Pfizer Inc. v. Apotex Inc.*, 640 F. Supp. 2d 1006, 1008 (N.D. Ill. 2009).

Dated: January 7th, 2019

Respectfully submitted,

By: *s/ Susan E. Lovern*_____

    Susan E. Lovern, Esq., WI SBN 1025632
    von BRIESEN & ROPER, s.c.
    411 East Wisconsin Avenue, Suite 1000
    Milwaukee, WI 53202
    Tel: 414-287-1286
    Fax: 414-238-6599
    Email: slovern@vonbriesen.com

    David A. Coulson, Esq. FL SBN: 176222
    (Admitted to E.D.W.I.)
    GREENBERG TRAURIG, P.A.
    333 SE 2nd Avenue, Suite 4400
    Miami, FL 33131
    Tel: 305-579-0754
    Fax: 305-579-0717
    Email: coulsond@gtlaw.com

    *Attorneys for Defendants*
    *Champion Petfoods USA, Inc. and*
    *Champion Petfoods LP*

32467304_3

4