# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

| | |
|---|---|
| SCOTT WEAVER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CHAMPION PETFOODS USA, INC. and CHAMPION PETFOODS LP,<br><br>Defendants. | Case No: 2:18-cv-01996-JPS<br><br>**JOINT REPORT OF THE PARTIES' RULE 26(f) DISCOVERY PLAN** |

Plaintiff Scott Weaver ("Plaintiff"), by and through his attorneys, and defendants Champion Petfoods USA, Inc. and Champion Petfoods, LP ("Defendants"), by their attorneys, David A. Coulson of Greenberg Traurig, P.A., and Susan E. Lovern of von Briesen & Roper, S.C., respectfully submit the following report pursuant to Fed. R. Civ. P. 26(f), for purposes of the telephonic Fed. R. Civ. P. 16(b) scheduling conference, currently set for February 22, 2019, at 9:30 AM. Counsel for all Parties plan to appear in person.

Pursuant to Fed. R. Civ. P. 26(f), a conference was held on February 12, 2019. Attorneys Rebecca A. Peterson participated for the Plaintiff and Attorneys David A. Coulson and Susan E. Lovern participated for Defendants.

1. <u>Nature of the Case</u>. **PLAINTIFF'S STATEMENT.** This is a consumer protection case about misleading advertising, marketing, packaging, and labeling of dog food products sold by Defendants which was touted as superior quality, natural, healthy, and safe and came with a significant premium price tag. It is alleged that reasonable consumers, like Plaintiff, would consider the mere inclusion or risk of inclusion of heavy metals, pentobarbital and/or BPA at any level a material fact in considering what pet food to purchase and that Defendants also utilized misleading

advertisements and marketing, including statements about the high quality of not only the ingredients (when in reality they used beef tallow contaminated with pentobarbital) but also trusted regional suppliers used by Defendants (when in reality a rendering facility that accepts dead horses). As such, Defendants knowingly and/or recklessly packages, labels, markets, and advertises its dog food with numerous misleading statements that are intended to, and do, convey to consumers that the products possess certain qualities that justify a premium price.

**DEFENDANTS' STATEMENT:** Defendants sell a variety of dog foods throughout the United States under the brand names ORIJEN and ACANA. Defendants contend that Plaintiffs have failed to allege that Defendants' dog food contains dangerous levels of heavy metals or BPA, or that the dog food is unsafe in any way, such that no representations by Defendants were misleading and they had no duty to disclose trace, safe levels of heavy metals or BPA (if any). The alleged levels of heavy metals and BPA are below any known maximum tolerable limit for dogs. With respect to pentobarbital, pentobarbital was never an ingredient and should not have been present in beef tallow if the supplier followed Champion's specification. In any event, Plaintiffs have not alleged that any of the food they purchased contained any pentobarbital, and the now discovered issue with pentobarbital was confined and did not impact Plaintiffs. Additionally, class certification of Plaintiff's claims would be inappropriate due to, among other things, that common issues do not predominate over individual issues. As to the merits, it is Champion's position that Plaintiff received what was advertised.

2. Jurisdiction. Plaintiff maintains he has Article III standing. The parties do not otherwise contest federal jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d).

3. Possibility of Prompt Settlement. The parties request the Court allow the parties to utilize private mediation. Plaintiff is agreeable to mediation any time and believe that mediation

should occur no later than after filing of the motion for class certification; however, Champion believes that mediation would be most productive after a ruling on class certification. The Parties, however, do agree mediation will occur at least 30 days prior to the final pretrial conference.

4. <u>Motions</u>. Defendant may file a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6). The parties agree and stipulate that Defendants' response to the Amended Complaint shall be due on March 15, 2019 based on a waiver of service. The parties agree the scope of any future motion practice depends on resolution of any motion to dismiss filed by Defendants. Both parties anticipate motions for summary judgment and/or for judgment on the pleadings. Plaintiff intends to move for class certification which Defendants anticipate opposing. In addition, the parties anticipate filing motions in limine, including potentially *Daubert* motions.

5. <u>Initial Disclosures</u>. The parties shall make their Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1) by March 29, 2019.

6. <u>Length of Trial</u>. Plaintiff has requested a jury trial. The parties expect that a trial on this matter would last approximately 10 days.

7. <u>Electronically Stored Information</u>. The Parties agree to discuss and seek agreement on protocols regarding the identification, review, and production of electronically-stored information. The parties will seek to file their agreement with the Court by March 8, 2019.

8. <u>Confidentiality</u>. The parties agree that the inadvertent production of privileged materials shall not constitute a waiver of privileges or protections, and that disputes concerning privileges and protections shall be addressed in accordance with Fed. R. Civ. P. 26(b)(5)(B). The Parties are unsure at this time whether disputes concerning confidentiality or claims of privilege will arise. If any such disputes arise, the parties will attempt to resolve them. The parties agree that the entry of a Protective Order pursuant to Rule 26(c) will be necessary in this action to protect the

proprietary and confidential information of the Parties. As such, the Parties will submit a stipulated Protective Order for Court approval by March 8, 2019.

9. <u>Orders</u>. The Parties do not contemplate any additional orders that should be entered by the Court under Fed. R. Civ. P. 16(b)-(c) or 26(c) other than the Scheduling Order, and the Eastern District of Wisconsin's Form Protective Order, as modified by the Court. Motions made in the normal course of litigation pursuant to the Court's Orders, the Federal Rules of Civil Procedure, and the Local Rules may be filed as the case dictates.

10. <u>Change to Limitations on Discovery Imposed by Federal Rules</u>. The Parties agree to a limit of 15 depositions (excluding expert depositions) per side, 35 written interrogatories (which will be the combined limit among the Related Actions, as defined below) and 25 requests for admission under Fed. R. Civ. P. 36. The Parties further agree to meet and confer as to whether additional depositions and/or written discovery is required based on the any evidence later produced and/or disclosed in this or a "Related Action" (as defined below). The Parties have met and conferred and have agreed to coordinate fact discovery (including the 15 depositions) in other cases now or hereafter filed by Plaintiff's counsel concerning the heavy metal, pentobarbital and/or BPA content of Defendants' dry pet food products (the "Related Actions"). To that end, the Parties agree to the following:

> Subject to and without waiving any objections to discovery during any hearing or at trial, including the admissibility of such discovery, the parties agree that any fact discovery produced in the Related Actions may be used in this action. Specifically, Champion's interrogatory answers, responses to document requests, and all other fact discovery, including documents produced and fact witness depositions, from the Related Actions shall be available for use in this proceeding as if such discovery had

been taken in this proceeding, again subject to and without waiving any objections to discovery during any hearing or at trial, including the admissibility of such discovery. The parties agree to work in good faith to coordinate fact witness depositions among the Related Actions, including that all Champion employees, ex-employees, or third-party witnesses deposed in any of the Related Actions before the discovery cutoff in this action would be considered deposed in this action and count against the limit on the total number of fact witness depositions permitted. A party seeking to depose a witness already deposed in a Related Action must obtain the agreement of counsel or leave of court consistent with Rule 30(a)(2)(A)(ii) of the Federal Rules of Civil Procedure, but nothing shall otherwise limit (a) Plaintiffs' rights, pursuant to Fed. R. Civ. P. 30, or (b) Champion's rights pursuant to applicable rules and practice to object to any noticed deposition and/or seek a protective order.

11. <u>Expert Witness Disclosures</u>. The parties understand that the Court has, in practice, not been including deadlines to disclose expert witnesses in trial scheduling orders. Any such experts and reports will be disclosed in accordance with Fed. R. Civ. P. 26(a)(2). The parties expect that rebuttal experts may be employed in this type of action.

12. <u>Discovery Plan</u>. Fact discovery can be completed by June 1, 2019. The parties have no preference as to the dates the Court will set for submissions of interim and final settlement reports.

13. <u>Dispositive Motions</u>. On or before August 30, 2019, either party may file dispositive motions.

14. <u>Final Pretrial Reports</u>. The final pretrial report must be electronically filed no later than the close of business on Friday, November 15, 2019.

15. <u>Final Pretrial Conference</u>. The final pretrial conference shall be set for ___ am/pm on Tuesday, December 3, 2019.

16. <u>Jury Trial</u>. This matter shall be set for trial at ___ am on Monday December 9, 2019. Trial is expected to last 10 days.

Dated: February 19, 2019                      LOCKRIDGE GRINDAL NAUEN P.L.L.P.

By: s/ Rebecca A. Peterson
CHARLES N. NAUEN, #1031943
ROBERT K. SHELQUIST
REBECCA A. PETERSON
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900
Facsimile: (612) 339-0981
E-mail: cnnauen@locklaw.com
rkshelquist@locklaw.com
rapeterson@locklaw.com

GUSTAFSON GLUEK, PLLC
DANIEL E. GUSTAFSON
KARLA M. GLUEK
RAINA C. BORRELLI
Canadian Pacific Plaza
120 South 6th Street, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 333-8844
Facsimile: (612) 339-6622
E-mail: dgustafson@gustafsongluek.com
kgluek@gustafsongluek.com
rborrelli@gustafsongluek.com

ROBBINS ARROYO LLP
STEVEN M. MCKANY (271405)
600 B Street, Suite 1900
San Diego, CA 92101
Telephone: (619) 525-3990
Facsimile: (619) 525-3991
E-mail: smckany@robbinsarroyo.com

CUNEO GILBERT & LADUCA, LLP
CHARLES LADUCA
KATHERINE VAN DYCK
4725 Wisconsin Ave NW, Suite 200
Washington, DC 20016
Telephone: 202-789-3960
Facsimile: 202-789-1813
E-mail: kvandyck@cuneolaw.com
charles@cuneolaw.com

LITE DEPALMA GREENBERG, LLC
JOSEPH DEPALMA
SUSANA CRUZ HODGE
570 Broad Street, Suite 1201
Newark, NJ 07102
Telephone: (973) 623-3000
E-mail: jdepalma@litedepalma.com
scruzhodge@litedepalma.com
*Attorneys for Plaintiff*

Dated: February 19, 2019

**von BRIESEN &ROPER, s.c.**

s/ Susan E. Lovern
Susan E. Lovern, SBN 1025632
Mark E. Schmidt, SBN 1052450
411 East Wisconsin Avenue, Suite 1000
Milwaukee, Wisconsin 53202
Telephone: (414) 287-1286
Facsimile: (414) 238-6599
slovern@vonbriesen.com
mschmidt@vonbriesen.com

**GREENBERG TRAURIG, P.A.**

s/ David A. Coulson
David A. Coulson
Florida Bar No. 176222 *(admitted to E.D. Wis.)*
333 S.E. 2nd Avenue, Suite 4400
Miami, Florida 33131
Telephone: (305) 579-0754
Facsimile: (305) 579-0717
coulsond@gtlaw.com
*Attorneys for Defendants Champion Petfoods USA Inc. and Champion Petfoods LP*