# EXHIBIT B

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF WISCONSIN

SCOTT WEAVER, individually and on behalf
of a class of similarly situated individuals,

Plaintiffs,

v.

CHAMPION PETFOODS USA, INC. and
CHAMPION PETFOODS LP,

Defendants.

Case No. 2:18-cv-01996-JPS

CLASS ACTION

Declaration

of

**COLIN B. WEIR**

August 13, 2019

REFERENCES MATERIALS DESIGNATED "CONFIDENTIAL" AND "CONFIDENTIAL

ATTORNEYS' EYES ONLY" UNDER PROTECTIVE ORDER

I, Colin B. Weir, declare as follows:

I am Vice President at Economics and Technology, Inc. ("ETI"), One Washington Mall, 15th Floor, Boston, Massachusetts 02108. ETI is a research and consulting firm specializing in economics, statistics, regulation and public policy.

## I. QUALIFICATIONS, BACKGROUND, AND EXPERIENCE

1. I hold a Masters of Business Administration, with honors, from the High Technology program at Northeastern University, Boston, Massachusetts. I hold a Bachelor of Arts degree cum laude in Business Economics from The College of Wooster, Wooster, Ohio. I have provided expert testimony before federal and state courts, the Federal Communications Commission, and state regulatory commissions, and have contributed research and analysis to numerous ETI publications and expert testimony at the state, federal, and international levels. I have consulted on a variety of consumer and wholesale products cases, calculating damages relating to food products, household appliances, herbal remedies, health/beauty care products, electronics, and computers. My Statement of Qualifications, which outlines my professional experience, publications, and record of expert testimony during the last four years, is attached hereto as Exhibit 1. This includes a list of all cases in which, during the previous four years, I have testified as an expert at trial or by deposition.

## II. ENGAGEMENT

2. I provide this declaration in connection with the case filed by Plaintiff Scott Weaver, ("Plaintiff") in the above-captioned action against Defendants Champion Petfoods USA, Inc. and Champion Petfoods LP, (together "Defendants" or "Champion") as it relates to certain Champion


ECONOMICS AND TECHNOLOGY, INC.

pet foods, (the "Champion Pet Food").[1]  I make this declaration based upon my own personal knowledge and, if called as a witness in this action, I would be able to competently testify as to the facts and opinions set forth herein.

3.    I have been advised by Counsel for Plaintiff that a putative Class of individuals[2] purchased Champion Pet Food that was marketed "to be trusted by pet lovers," and did not disclose the risk of the presence of heavy metals and toxins when in fact the Champion Pet Foods had a risk of containing levels of arsenic, mercury, lead, cadmium and/or BISPHENOL A ("BPA")--all known to pose health risks to humans and animals, including dogs.  Additionally, the Champion Pet Food was labeled as made with regional ingredients when it actually contained ingredients from across the United States and around the world.  The Champion Pet Food was also labeled as made with fresh ingredients when it actually contained ingredients that had previously been frozen.  Additionally, the Champion Pet Food was labeled as never outsourced when it actually was made with ingredients processed by third parties.  These failures to disclose the risks and the above referenced labeling statements I will collectively refer to as the "Misrepresentations".[3] Finally, certain of the Champion Pet Foods- Acana Heritage Red Meat, Acana Regionals Appalachian Ranch, Orijen Regional Red- had a risk of containing pentobarbital from 2016-2018.[4]  Plaintiff alleges that the Misrepresentations caused the Champion Pet Food to be of diminished value and that the risk that certain Champion Pet Foods (Acana Heritage Red Meat, Acana Regionals Appalachian Ranch, Orijen Regional Red) may contain pentobarbital cause those particular Champion Pet Foods to have no value.

---

[1] The foods at issue in this matter are identified in the Third Amended Class Action Complaint, filed July 22, 2019 ("Complaint") at 4-6, hereinafter, the "Champion Pet Food".

[2] Defined in the Complaint as "All persons who reside in the State of Wisconsin who, from July 1, 2013, to the present (the 'Class Period') and purchased the Contaminated Dog Foods in the State of Wisconsin for household or business use, and not for resale (the 'Class')."

[3] See, generally, Complaint.

[4] See CPF2117800.


ECONOMICS AND
TECHNOLOGY, INC.

4.    I have been asked by Counsel for Plaintiff to ascertain whether it would be possible to determine a method to calculate damages on a class-wide basis using common evidence, and if so, to provide a framework for, and the calculation of damages suffered by the proposed Class as a result of the allegedly false and misleading Claim.  I have also been asked to apply the expert work of Jon Krosnick which calculates a diminution in value factor for use in this litigation.

5.    ETI is being compensated at the rate of $695 per hour for my work on this case.  The opinions expressed in this declaration are my own, and my compensation is not dependent upon the substance of these opinions or the outcome of the litigation.

6.    The documents, data and other materials that I relied upon in forming my opinions are identified throughout my report, and in Exhibit 2, attached hereto.  In addition, I have relied upon my educational background and more than 15 years of experience.

## III. FRAMEWORK FOR DAMAGES

7.    As a threshold matter, it is my opinion that there are methods available to determine class-wide damages in this case using the Defendants' own available business records, third-party records, and industry resources.

8.    Below, I discuss some of the economic components of a consumer survey conducted by Jon Krosnick to calculate Diminution in Value Damages (wherein consumers would receive the diminution in value resulting solely as a result of Defendants' conduct of Misrepresenting the Champion Pet Food).

9.    Plaintiff also alleges that certain sales of the Champion Pet Foods were sold illegally given the risk of the presence of pentobarbital and, therefore, should not have been sold at all.[5] For these sales, I propose a refund of Illegal Sales Damages.

---

[5] https://www.fda.gov/animal-veterinary/animal-health-literacy/questions-answers-contaminants-pet-food (last accessed August 13, 2019) ("Can pet food contain residues of pentobarbital? No. FDA considers pet food containing pentobarbital residues to be adulterated."; 21 U.S.C. § 342(a).


ECONOMICS AND
TECHNOLOGY, INC.

## IV. CALCULATION OF THE DIMINUTION IN
## VALUE: KROSNICK SURVEY

**The Krosnick Survey**

10.  I have been provided with the Expert Report of Jon Krosnick.[6]  Krosnick is the Frederic O. Glover Professor of Humanities and Social Sciences and a Professor of Communication, Political Science, and (by courtesy) Psychology at Stanford University in Palo Alto, California, a Research Psychologist at the U.S. Census Bureau, and a Research Advisor of the Gallup Organization.  He has worked in the field of market research, especially survey research methods, and consumer behavior and opinions since 1986.  Krosnick is widely recognized for his research and authorship.  I understand that Krosnick was asked to assess the diminution in value that Plaintiff and the Class experienced as a result of the Champion Pet Food Misrepresentations.

11.  The Krosnick Report describes the use of treatment and control experiment included in a consumer survey to determine the diminution in value experienced solely as a result of the Champion Pet Food Misrepresentations.

12.  Representative survey techniques can permit an economist to analyze the value of various product attributes.  Krosnick embedded an experiment in the survey data collection according to best scientific practice, which is an extremely strong methodology for documenting causality.[7]  Different respondents were exposed to different sets of information and then reacted to the information given to them.  Statistical analyses compared the responses of these groups of

---

[6] Expert Report of Jon Krosnick, August 13, 2019, ("Krosnick Report").

[7] *Id.*, at paras 46 *et seq.*, 66.



respondents to assess whether changes in the provided information altered respondents' answers. Such representative surveys have been used in litigation contexts to calculate damages for years.[8]

13. Krosnick measures the diminution in value associated with the Misrepresentation (measured in percentage terms) through the use of a between subjects test and control group[9] and price variables.[10] Respondents (chosen randomly from among the full set of participating respondents) were shown disclosures about a varying number of each of Misrepresentations (or none at all) in a factorial design.[11] Respondents are then asked to make a purchase decision. Krosnick's survey includes market-based price points derived from pricing data provided by Defendants, which I have also reviewed.[12] Krosnick also considered information about Champion Pet Food when selecting the other attributes and elements for inclusion in his survey.[13] Krosnick has also taken into account the fact that the number of units of Champion Pet Food sold is a known fact, and is fixed as a matter of history.[14]

---

[8] *See, e.g., Applying Conjoint Analysis to Legal Disputes: A Case Study*, Wind, Yoram, *et al.*; *see, e.g., Khoday v. Symantec Corp.*, No. 11-180 (JRT/TNL), 2014 WL 1281600, at *10 (March 13, 2014); *Sanchez-Knutson v. Ford Motor Company*, Case No. 14-61344-CIV-DIMITROULEAS, Order, October 6, 2015; *In re: Lenovo Adware Litigation*, Case no. 15-md-02624-RMW (USDC NDC-SJD) DKT 153 (October 27, 2016); *Guido v. L'Oreal, USA, Inc.*, 2014 WL 6603730, (C.D. Cal. July 24, 2014); *Brown v. Hain Celestial Group, Inc.*, 2014 WL 6483216, (N.D. Cal. Nov. 18, 2014); *Microsoft v. Motorola, Inc.*, 904 F.Supp.2d 1109 (W.D. Wa. 2012); *In re Scotts EZ Seed Litig.*, 304 F.R.D. 397 (S.D.N.Y. 2015); *Dzielak v. Maytag*, 2017 WL 1034197, at *6 (D. NJ. March 17, 2017); *TV Interactive Data Corp. v. Sony Corp.*, 929 F. Supp. 2d 1006, 1022 & n.6 (N.D. Cal. 2013); *Briseno v. ConAgra Foods, Inc.*, 844 F.3d 1121 (9th Cir. 2017); *Fitzhenry-Russell v. Dr Pepper Snapple Group, Inc.*, 2018 WL 3126385 (N.D. Cal. June 26, 2018); *In Re Arris Cable Modem Consumer Litig.*, 2018 WL 3820619, at *25-*31 (N.D. Cal. Aug. 10, 2018); *Hadley v. Kellogg Sales Co.*, 2018 WL 3954587, at *11-*16 (N.D. Cal. Aug. 17, 2018); *Martinelli v. Johnson & Johnson*, 2019 WL 1429653, at *3-4 (E.D. Cal. Mar. 29, 2019) *Schneider v. Chipotle Mexican Grill*, Case No. 16-cv-02200-HSG Dkt. 136 (N.D. Cal. Sep. 29, 2018).

[9] Krosnick Report, at para 66.

[10] *Id.*, at para 44; Technical Report, at paras 11 *et seq.*

[11] *Id.*, at para 66.

[12] *Id.*, Technical Report, at paras 11 *et seq.*

[13] *Id.*, at para 44.

[14] *Id.* At para 82.


ECONOMICS AND
TECHNOLOGY, INC.

14. Krosnick's Misrepresentation attributes draw their detail from an understanding of Plaintiff's stated theory of liability.[15]

**Supply Side Considerations**

15. I understand that Krosnick considered and accounted for supply side factors in the determination of his diminution in value calculation.[16]

16. I have also considered supply side factors in my determination of damages. First, unlike in a Lanham Act or intellectual property litigation where a but-for quantity of sales may need to be determined, in this litigation, the historic number of units sold is a fact (as I have discussed above) and in this litigation, it would be antithetical to the concept of class definition to suggest that the quantity supplied be anything other than the actual number of units sold by Defendants during the Class Period.

17. Furthermore, as is borne out in the Krosnick Survey, if one were to assume, *arguendo*, that Defendants would not have lowered its price in concert with demand (indicating that Defendants priced above the market clearing price), then the economic outcome would be that many or all of the purchases would not have taken place at all. As such, the diminution in value developed by Krosnick is an inherently conservative measure.

18. I have considered data on actual sales of the Champion Pet Food in the real-world marketplace. These real-world transactions occurred at prices that *already* reflect the supply side factors then extant in the marketplace. I understand that Krosnick relied upon these historical data in setting the prices used in his survey.

19. Another important supply-side factor that I considered was the fact that the quantity of the Products supplied is a known quantity, and fixed as a matter of history.

---

[15] *Id.*, at paras 10, 12.

[16] *Id.*, at paras at paras 44, 82; Technical Report, at paras 11 *et seq.*


ECONOMICS AND
TECHNOLOGY, INC.

20. An additional important supply-side factor that I considered was the fact that the market for Champion Pet Foods was an "ordinary" and "mature" market, subject to competitive pressures that retailers identify as risks to their business.

**Krosnick Survey Results**

21. Krosnick determines that, of the prices that Class members actually paid for Champion Pet Food, 59.6% or 54.8% of the price constitutes a diminution solely attributable to Champion's Misrepresentations (for Champion Pet Foods where eight of the Misrepresentations apply or seven of the Misrepresentations apply, respectively).[17]

22. Consumers do not negotiate the price of the Products in one-off retail transactions. The prices are set by the market, by the aggregate effects of all of the factors affecting supply and demand. Just as a rising tide lifts all boats, a reduction in demand reduces prices market-wide. This is why a market-based diminution in value percentage applies to all Class Members market-wide regardless of the absolute price they paid, and regardless of any individual Class Member's subjective valuation of the Products.

23. Krosnick indicates that these results are applicable to all relevant sales of Champion Pet Food to the Class.[18]

## V. TOTAL SALES OF THE PRODUCTS

24. I have been provided with myriad sales data, as described below.

25. Counsel has advised that Defendants have been requested to produce data showing retail annual sales volumes and unit retail pricing for each of Defendants' products that are the subject of this lawsuit that were sold to retail customers within the State of Wisconsin over the

---

[17] Krosnick Declaration, at para 79. Krosnick is also able to calculate percentage diminution in value figures for differing numbers of claims, either individually or in combination, should the Court so require.

[18] *Id.*, at 82.


ECONOMICS AND
TECHNOLOGY, INC.

class period, July 1, 2013 through and including 2018. Counsel has provided me with Defendants' responses to this request, and I have examined these responses.[19]

26. Upon examination, the specifics of the data that has been produced to date cause the need for further analysis, specifically:

(a) Minimum retail prices applicable to sales made within the State of Wisconsin were provided only for the years 2016, 2017 and 2018. No pricing information was provided covering any other year within the class period;

(b) Raw US nationwide wholesale volumes were provided on a weekly basis for the period from 2008 through 2015. More complete quantity data was produced in the form of Defendants' "kitchen" data, which reflects the volume of each product that was produced in each such "kitchen" rather than the number of units actually sold at retail. Additionally, this "kitchen" data provided the aggregate volume in kilograms ("kg.") of each product produced, which then had to be converted into the number of product units by dividing the aggregate production volume by the "package size" of each unit. Thus, if the total "kitchen" production for a particular product was given as, for example, 10,000 kg. and the package size was 5 kg., that would indicate that 10,000/5, or 2,000 units of the 5 kg. package of the product had been produced at that "kitchen" during the time period covered by the production data.

(c) From my inspection of this "kitchen" data, it appears that, prior to 2016, sales of Defendants' products in the United States were in package sizes that were denominated in metric units – i.e., grams or kilograms – whereas from 2016 onward US package sizes were denominated in English units – i.e., ounces and pounds. Where package sizes were stated in units other than kg. (e.g., grams,

---

[19] *See, e.g.,* Champion Interrogatory Responses, Interrogatories No. 1 and 2.



                pounds or ounces), conversions were made so as to conform volume units of the package size and aggregate "kitchen" production data.

    (d) I then compared the wholesale sales data and the corresponding "kitchen" production data in order to confirm that the "kitchen" production data did not systematically overstate the wholesale sales data. With this confirmation, I was able to utilize Defendants' "kitchen" production data as a proxy for retail sales volumes. Kitchen production data was available for all the years covered within the class period.

    (e) US Nationwide product volumes were provided for all products within the class for the years 2016-2018. Sales for certain products[20] were not produced. However, product descriptions and SKUs varied within the class period for what appeared to be the same product.

    27. The nature of Defendants' production data has required that various assumptions and extrapolations be applied in order to develop an estimate of total dollar sales for each product for each year within the class period. Given the nature of the data produced by Defendants, these assumptions and extrapolations are reasonable under the circumstances and provide reasonably accurate, and likely conservative, estimates of the total sales volumes for each product in the class over the entire class period.

*Unit retail prices*

    28. Where pricing data was available from Defendants for the period 2016-2018, actual data was used. Estimates of the unit retail prices for each product for the period 2013-2015 were developed by Krosnick and his team as part of the survey development process. I have been asked to use these estimated prices as part of my analysis.

---

[20] Sales were not produced before 2016 for the following products: ACA Free Run Poultry, ACA Freshwater Fish, ACA Heritage Meats, ACA Meadowlands, ACA Wild Atlantic, ORI Original.


ECONOMICS AND TECHNOLOGY, INC.

29. Package sizes were determined based on an examination of the SKU for each product. Each SKU contained two components: (1) The product type designation, and (2) the package size. For example, the SKU "DAC3263-13" contains the product code "DAC3263" which refers to "ACA FRESHWATER FISH" and the "-13" refers to a 13 pound package. Prior to 2016, Defendants' US package sizes had been denominated in metric units. During these years, the same "-13" suffix referred to a 13 kilogram package. I was able to distinguish between products that were denominated in metric vs. English units by examining the full set of package sizes for each product. For example, the SKU "DAC3263" for "ACA FRESHWATER FISH" does not appear in the "kitchen" data prior to 2016. The SKUs associated with this product are DAC3263-13, DAC3263-25, DAC3263-4.5 and DAC3265-12OZ, which refer to package sizes of 13 pounds, 25 pounds, 4.5 pounds, and 12 ounces, respectively. In this context, the "-13" suffix clearly refers to "pounds," not to "kilograms." The SKU "DOR1440" for "ORIGINAL REGIONAL RED DOG" was used in 2014 and 2015, but does not appear after 2015. The SKUs associated with this product are DOR1440-13, DOR1440-6.8, DOR1440-2.27 and DOR1440-340, which refer to package sizes of 13 kg., 6.8 kg., 2.27 kg.and 340 grams, respectively, which are equivalent (in English units) to 28.66 pounds, 14.99 pounds, 5.00 pounds, and 11.99 ounces. In this context, the "-13" suffix clearly refers to "kilograms," not to "pounds," and I have interpreted it as such. Beginning in 2016, the SKUs for this product were designated as DOR4440, with package size suffixes of -13, -25, -4.5 and -12OZ.

30. As I noted at para. 26(a) above, Defendants provided their minimum retail prices only for 2016, 2017 and 2018. From these, Krosnick calculated estimates of pre-2016 prices for the years 2013, 2014 and 2015, and I have utilized these estimates to calculate total retail sales volumes for these three years. However, the 2016-2018 prices upon which Krosnick's 2013-2015 price estimates were developed all referred to package sizes denominated in English units. Thus, in order to utilize these estimates for the metric package sizes extant in 2013-2015, it was necessary for me to approximate the package size in English units and apply the closest price.



Conversions were made using the ratio of 2.20462 pounds to 1 kilogram or 35.274 ounces to 1 kilogram. In most cases, the English size equivalent that I utilized was smaller than the metric package size, such that these substitutions -- which were necessitated by the absence of pricing data for the 2013-2015 period -- were conservative and thus likely understate the annual sales amounts for these three years.

*Quantities sold*

31. Defendants provided only nationwide US retail sales volumes for each of the products within the class. State-level data was provided for 2008-2009 for thirteen (13) states, but Wisconsin was not included in this breakdown. As a proxy, I estimated Wisconsin-specific sales volumes by calculating the ratio of 2016 Wisconsin population as a percentage of the total US population in 2016, as well as the ratio of Wisconsin Gross Domestic Product (GDP) to total US GDP for the same year. The Wisconsin population in 2016 was 5.773-million,[21] representing 1.78% of total 2016 US population of 323.4-million. Wisconsin GDP in 2016 was 273.14-billion,[22] representing 1.467% of total 2016 US GDP of $18.62-trillion. To be conservative, I utilized the lower of these two ratios -- the GDP ratio of 1.467% to estimate Wisconsin sales Further, Krosnick reports that, of his survey sample, only 523 respondents had ever bought Acana or Orijen dog food, while 11 respondents from Wisconsin meet that criteria -- some 2.103%. This also serves to confirm the highly conservative nature of my analysis.

*Product descriptions*

32. Variations in the text of individual product descriptions and SKUs over the class period required that I manually associate products with changing descriptions from one year to

---

[21] https://factfinder.census.gov/faces/tableservices/jsf/pages/productview.xhtml (last accessed July 11, 2019).

[22] https://www.deptofnumbers.com/gdp/wisconsin/ (last accessed July, 11 2019).


ECONOMICS AND
TECHNOLOGY, INC.

the next. There were variations is package size and the units used to specify package sizes – metric (kilograms) and English (pounds and ounces). Every product description in Defendants' data production for 2015 had been assigned the identical label – "ORI FD TREAT BISON." In order to utilize the mislabeled 2015 data, it was necessary to determine product descriptions by utilizing available 2015 SKU data and extracting the corresponding SKU/description from other years' data. This process likely conservatively omits some 2015 sales to the class.

33. Due to the frequent changes in SKUs extant in Defendants' data production, in order to combine the data across different time periods, it was necessary to associate seemingly different product descriptions that nevertheless referred to the same product. Although most products had sufficiently similar descriptions to support an assumption that they were the same product, a few product names were more difficult to associate. These are shown in Table 1 below.

| Table 1. | |
| :-- | :-- |
| **Assumptions Mapping Product Descriptions Prior to 2017 to Current Descriptions** | |
| Product Description through 2016 | Product Description 2017 forward |
| Acana Ranchlands dog | ACA Appalachian Ranch Dog |
| Acana Duck & Bartlett Pear | ACA Duck & Pear |
| Acana Lamb & Okanagan Apple | ACA Lamb & Apple |
| Acana Pork and Butternut Squash | ACA Pork & Squash |

34. Given the available data, and subject to the analyses described above, I have summarized the dollar sales of the Products below in Table 2.

ECONOMICS AND
TECHNOLOGY, INC.

| Table 2. Dollar Sales to the Class | |
|---|---|
| **Product** | **Dollar Sales** |
| ACA_APPALACHIAN_RANCH_DOG | $ 935,247 |
| ACA_DUCK_PEAR | $ 669,574 |
| ACA_FREE_RUN_POULTRY | $ 592,491 |
| ACA_FRESHWATER_FISH | $ 327,035 |
| ACA_HERITAGE_MEATS | $ 595,291 |
| ACA_KY_GRASSLANDS_DOG | $ 911,967 |
| ACA_LAMB_APPLE | $ 725,339 |
| ACA_MEADOWLANDS_DOG | $ 709,532 |
| ACA_PORK_SQUASH | $ 498,517 |
| ACA_Wild_Atlantic_Dog | $ 556,783 |
| ORI_6_FISH_DOG | $ 2,048,918 |
| ORI_FDF_ADULT | $ 69,886 |
| ORI_FDF_REGIONAL_RED | $ 100,819 |
| ORI_FDF_TUNDRA | $ 113,935 |
| ORI_ORIGINAL | $ 2,045,176 |
| ORI_PUPPY | $ 947,612 |
| ORI_REGIONAL_RED_DOG | $ 1,936,768 |
| ORI_TUNDRA_DOG | $ 1,123,569 |
| **Grand Total** | **$ 14,908,461** |
| Source: CPF0017614, CPF0017743, CPF2117040. | |

ECONOMICS AND
TECHNOLOGY, INC.

## VI. CALCULATION OF DIMINUTION IN VALUE

## DAMAGES

35.  Calculating total diminution in value damages in this litigation will be simple and straightforward.

36.  With the price difference due to the Claims determined on a percentage basis, the calculation of Class-wide damages for any Product will be:

$$\%Diminution\ in\ Value: Misrepresentation \times \$Units\ Sold\ = Damages$$

37.  Using the price diminution in value factors calculated by Krosnick, I have summarized the results of these preliminary calculations in Table 3 below.

_____

[The remainder of this page intentionally left blank.]

ECONOMICS AND
TECHNOLOGY, INC.

| Table 3. Diminution in Value Damages | | | |
|---|---|---|---|
| Product | Dollar Sales | Diminution in Value | Diminution in Value Damages |
| ACA_APPALACHIAN_RANCH_DOG | $ 935,247 | 59.6% | $ 557,407 |
| ACA_DUCK_PEAR | $ 669,574 | 59.6% | $ 399,066 |
| ACA_FREE_RUN_POULTRY | $ 592,491 | 59.6% | $ 353,124 |
| ACA_FRESHWATER_FISH | $ 327,035 | 54.8% | $ 179,215 |
| ACA_HERITAGE_MEATS | $ 595,291 | 59.6% | $ 354,794 |
| ACA_KY_GRASSLANDS_DOG | $ 911,967 | 54.8% | $ 499,758 |
| ACA_LAMB_APPLE | $ 725,339 | 59.6% | $ 432,302 |
| ACA_MEADOWLANDS_DOG | $ 709,532 | 59.6% | $ 422,881 |
| ACA_PORK_SQUASH | $ 498,517 | 59.6% | $ 297,116 |
| ACA_Wild_Atlantic_Dog | $ 556,783 | 59.6% | $ 331,842 |
| ORI_6_FISH_DOG | $ 2,048,918 | 59.6% | $ 1,221,155 |
| ORI_FDF_ADULT | $ 69,886 | 59.6% | $ 41,652 |
| ORI_FDF_REGIONAL_RED | $ 100,819 | 54.8% | $ 55,249 |
| ORI_FDF_TUNDRA | $ 113,935 | 59.6% | $ 67,905 |
| ORI_ORIGINAL | $ 2,045,176 | 54.8% | $ 1,120,756 |
| ORI_PUPPY | $ 947,612 | 59.6% | $ 564,777 |
| ORI_REGIONAL_RED_DOG | $ 1,936,768 | 59.6% | $ 1,154,314 |
| ORI_TUNDRA_DOG | $ 1,123,569 | 59.6% | $ 669,647 |
| **Grand Total** | **$ 14,908,461** | | **$ 8,722,963** |
| Source: CPF0017614, CPF0017743, CPF2117040 Krosnick Declaration | | | |

ECONOMICS AND
TECHNOLOGY, INC.

38. These calculations can be performed for any state, jurisdiction, or other geography, and can be performed over any time period as ultimately determined by the Court.

## VII. ILLEGAL SALES DAMAGES

39. If the Court deems that sales of the Champion Pet Foods that have a risk of containing pentobarbital (Acana Heritage Red Meat, Acana Regionals Appalachian Ranch, and Orijen Regional Red) should not have taken place at all, Illegal Sales Damages are easily determined.

40. Under a damages framework awarding full recovery to consumers, total damages to the Class are calculated as:

$$Retail\ Sales\ =\ Illegal\ Sales\ Damages$$

41. Using this framework, Illegal Sales Damages would be as in Table 4 below.

| Table 4. Illegal Sales Damages 2016-2018 | |
|---|---|
| **Product** | **Illegal Sales Damages** |
| ACA_APPALACHIAN_RANCH_DOG | $ 509,763 |
| ACA_HERITAGE_MEATS | $ 595,291 |
| ORI_REGIONAL_RED_DOG | $1,120,832 |
| **TOTAL** | **$ 2,225,886** |
| Source: CPF0017614, CPF0017743, CPF2117040. | |

ECONOMICS AND
TECHNOLOGY, INC.

## VIII. INDIVIDUAL INQUIRY IS NOT REQUIRED

**Variations in purchase price do not alter the calculation of total, class-wide damages**

42.  Variations in purchase price do not prevent the calculation of class-wide damages. Such variations in price are captured in the sales data used for analysis and price variations are an element of typical market valuation surveys. Such variations are also inapposite to the calculation of class-wide damages, because the ultimate method of distribution or allocation of damages to individuals during claims administration or a settlement does not alter the calculation of total, class-wide damages.

43.  Class-wide damages under a diminution in value model can be calculated from the bottom up as the sum of individual damages (as defendants often assert), or can be calculated from the top down, without individual inquiry, by finding the percentage price difference resulting from the Misrepresentation and then multiplying the diminution in value by the dollars sold (as discussed in detail above). As outlined above, I propose to use the latter technique, obviating the need for individual inquiry.

44.  Ultimately, no matter the method by which damages are distributed, it does not affect the calculation of, or the total amount of class-wide damages in this litigation.

**Individual interpretation of the Misrepresentations is irrelevant to the determination of class-wide damages**

45.  Individual interpretation of the Misrepresentations is irrelevant to the determination of class-wide diminution in value damages here. Individual interpretations of the Misrepresentations does not change the price paid by an individual.

46.  Calculating a diminution in value does not depend on an individual interpretation of the Misrepresentations because there is no middle ground. If the market price for the Champion



ECONOMICS AND
TECHNOLOGY, INC.

Pet Foods was higher as a result of the Misrepresentations, then ALL consumers will have paid a higher price than if the truth had been disclosed, regardless of their personal interpretations.

**Individual behavior or use of the Champion Pet Foods is irrelevant to the determination of class-wide damages**

47. Calculating the diminution in value does not depend on individual behaviors or uses of the Champion Pet Foods. As I have discussed at length, if the market price for the Champion Pet Foods was higher as a result of the Misrepresentations, then ALL consumers will have paid a higher price than if the truth had been disclosed.

**Individual reasons for purchase do not change the price paid, or diminution in value experienced by an individual**

48. Individual reasons for purchase are irrelevant in this case, because a consumer's individual reasons for purchase do not change the price paid by that individual. Consumers do not individually negotiate the price of the Champion Pet Foods at retail. Shelf prices do not adjust themselves for individual consumers.

49. As I have discussed above, if there is a market-based diminution in value as a result of the Misrepresentations and a consumer buys a unit of Champion Pet Food, he or she will experience that diminution in value regardless of the reasons for purchase, because the individual reasons for purchase do not change the price that will be paid.

50. Even if a consumer bought Champion Pet Food with the intention to immediately throw that Pet Food in the garbage, the consumer has been harmed because he paid more for the Champion Pet Food than the value he received but for the Misrepresentations.



### IX. RESERVATION OF RIGHTS

My testimony is based upon the information and data presently available to me.

Additional, different and/or updated data including market research data may be obtained in

advance of trial. I therefore reserve the right to amend or modify my testimony based on future

developments in the case.

### VERIFICATION

I declare under penalty of perjury that the foregoing is true and correct to the best of my

knowledge, information, and belief, and that this declaration was executed at Boston,

Massachusetts, this 13th day of August, 2019.

Colin B. Weir

ECONOMICS AND
TECHNOLOGY, INC.

# Exhibit 1

# Statement of Qualifications
# of

# COLIN B. WEIR

**Statement of Qualifications**

**COLIN B. WEIR**

Colin B. Weir is Vice President at Economics and Technology, Inc. Mr. Weir conducts economic, statistical, and regulatory research and analysis, and testifies as an expert witness. Mr. Weir's work involves econometric and statistical analysis, multiple regression, surveys, statistical sampling, micro- and macroeconomic modeling, accounting and other economic analysis. Such analysis often involves analysis of databases, call detail records, and other voluminous business records. Mr. Weir is familiar with common statistical and econometric software packages such as STATA and Sawtooth Software. Mr. Weir assists with analysis of economic, statistical and other evidence; and preparation for depositions, trial and oral examinations. Mr. Weir has provided expert testimony before federal and state courts, the FCC, and state regulatory commissions, and has contributed research and analysis to numerous ETI publications and testimony at the state, federal, and international levels. Prior to joining ETI, Mr. Weir worked at Stop and Shop Supermarkets as a cash department head, grocery/receiving clerk, and price-file maintenance head.

Mr. Weir's experience includes work on a variety of issues, including: economic harm and damage calculation; liquidated damages provisions; lost profits; false claims; diminution in value; merger/antitrust analysis; Early Termination Fees (ETFs); Late Fees; determination of Federal Excise Tax burden; and development of macroeconomic analyses quantifying the economic impact of corporate actions upon the US economy and job markets.

Mr. Weir has conducted research and analysis in numerous litigation and regulatory matters on behalf of corporate, government and individual clients, including AT&T, MTS Allstream (Canada), The US Department of Justice, Office of the Attorney General of Illinois, Pennsylvania Department of Revenue, Thomas v. Global Vision, (class action litigation, Superior Court, County of Alameda), Ayyad v. Sprint (class action litigation, Superior Court, County of Alameda), Forcellati v. Hylands (class action, U.S. District Court, Central District of California), and Ebin v. Kangadis Foods (class action, U.S. District Court, Southern District of New York).

Mr. Weir holds an MBA with honors from Northeastern University. He also holds a Bachelor of Arts degree *cum laude* in Business Economics from The College of Wooster.

Mr. Weir is a member of the Boston Economic Club, a business member of the Boston Bar Association, serves on the Board of Trustees of the Waring School, and serves as the comptroller for the Sybaris Investment Partnership.

1

ECONOMICS AND
TECHNOLOGY, INC.

**Publications and Testimony of Colin B. Weir**

Mr. Weir has co-authored the following:

*Interoperability and Spectrum Efficiency: Achieving a Competitive Outcome in the US Wireless Market* (with Lee L. Selwyn) Economics and Technology, Inc., prepared on behalf of United States Cellular Corporation, July 2012.

*The Price Cap LECs' "Broadband Connectivity Plan": Protecting Their Past, Hijacking the Nation's Future* (with Lee L. Selwyn and Helen E. Golding) Economics and Technology, Inc., prepared on behalf of United States Cellular Corporation, September 2011.

*Regulation, Investment and Jobs: How Regulation of Wholesale Markets Can Stimulate Private Sector Broadband Investment and Create Jobs* (with Lee L. Selwyn, Susan M. Gately, and Helen E. Golding) Economics and Technology, Inc., prepared on behalf of Cbeyond, Inc., Covad Communications Company, Integra Telecom, Inc., PAETEC Holding Corp, and tw telecom inc., February 2010.

*Revisiting Us Broadband Policy: How Re-regulation of Wholesale Services Will Encourage Investment and Stimulate Competition and Innovation in Enterprise Broadband Markets*, (with Lee L. Selwyn, Susan M. Gately, and Helen E. Golding) Economics and Technology, Inc., prepared on behalf of MTS Allstream, February 2010.

*Longstanding Regulatory Tools Confirm BOC Market Power: A Defense of ARMIS* (with Lee L. Selwyn, Susan M. Gately, and Helen E. Golding) Economics and Technology, Inc., prepared on behalf of the AdHoc Telecommunications Users Committee, January 2010.

*Choosing Broadband Competition over Unconstrained Incumbent Market Power: A Response to Bell and TELUS* (with Lee L. Selwyn, Susan M. Gately, and Helen E. Golding) Economics and Technology, Inc., prepared on behalf of MTS Allstream, April 2009.

*The Role of Regulation in a Competitive Telecom Environment: How Smart Regulation of Essential Wholesale Facilities Stimulates Investment and Promotes Competition* (with Lee L. Selwyn, Susan M. Gately, and Helen E. Golding) Economics and Technology, Inc., prepared on behalf of MTS Allstream, March 2009.

*Special Access Overpricing and the US Economy: How Unchecked RBOC Market Power is Costing US Jobs and Impairing US Competitiveness* (with Lee L. Selwyn, Susan M. Gately, and Helen E. Golding) Economics and Technology, Inc., prepared on behalf of the AdHoc Telecommunications Users Committee, August 2007.

*The AWS Spectrum Auction: A One-Time Opportunity to Introduce Real Competition for Wireless Services in Canada* (with Lee L. Selwyn and Helen E. Golding) Economics and Technology, Inc., prepared on behalf of MTS Allstream, June 2007.

*Comparison of Wireless Service Price Levels in the US and Canada* (with Lee L. Selwyn) Economics and Technology, Inc., prepared on behalf of MTS Allstream, May 2007.



*Hold the Phone! Debunking the Myth of Intermodal Alternatives for Business Telecom Users In New York* (with Susan M. Gately and Lee L. Selwyn) Economics and Technology, Inc., prepared for the UNE-L CLEC Coalition, August 2005.

Mr. Weir has submitted the following testimony:

**United States District Court, Central District of California,** *Collin Shanks, on behalf of himself, all others similarly situated, and the general public, v. Jarrow Formulas Inc.,* Case No. 18-cv-9437-PA (AFMx), on behalf of Law Offices of Jack Fitzgerald, Declaration submitted on July 22, 2019; Reply Declaration submitted on August 12, 2019.

**United States District Court, Eastern District Of Michigan, Southern Division,** *Suresh Persad, Daniel G. Wright and Robert S. Drummond, individually and on behalf of all others similarly situated, v. Ford Motor Company,* Case No. 2:17-cv-12599-TGB-MKM, on behalf of Kessler Topaz Meltzer & Check, LLP, Declaration submitted on June 25, 2019.

**United States District Court, Southern District of Florida, Fort Lauderdale Division,** *Milita Barbara Dolan, on behalf of herself and all others similarly situated, v. Jetblue Airways Corporation,* CASE NO.: 18-cv-62193-RNS, on behalf of Robbins Geller Rudman & Dowd, LLP, Declaration submitted on May 23, 2019.

**United States District Court, Northern District of California,** *Joseph Gregorio, Patrick Quiroz and Adam Cooper individually and on behalf of all others similarly situated, v. The Clorox Company,* Case 4:17-cv-03824-PJH, on behalf of Bursor & Fisher, P.A., Declaration submitted on May 15, 2019; Declaration submitted July 12, 2019; Deposition on July 18, 2019.

**United States District Court, District of Minnesota,** *Hudock, et al., v. LG Electronics U.S.A., Inc., et al.,* Lead Case No. 0:16-CV-01220-JRT-KMM, Relating to All Consolidated Actions, on behalf of Zimmerman Reed, LLP, Declaration submitted on May 10, 2019; deposition on June 6, 2019.

**United States District Court, Central District of California, Western Division,** *Jennifer Reitman and Carol Shoaff, individually and on behalf of a class of similarly situated individuals, v. Champion Petfoods USA, Inc. and Champion Petfoods LP,* Case: 2:18-cv-01736-DOC-JPR, on behalf of Gustafson Gluek PLLC, Declaration submitted on April 8, 2019, Deposition on April, 26, 2019.

**United States District Court, Central District of California, Western Division,** *Barry Braverman, et al., v. BMW of North America, LLC, et al.,* Case No. 8:16-cv-00966-TJH-SS, on behalf of Hagens Berman Sobol Shapiro LLP, Declaration submitted on March 29, 2019; Deposition on May 30, 2019.

3



**United States District Court, Southern District of Florida, West Palm Beach Division,** *Judith Marilyn Donoff on behalf of herself and all others similarly situated, v. Delta Air Lines, Inc.*, Case No. 9:18-cv-81258-DMM, on behalf of Robbins Geller Rudman & Dowd, LLP, Declaration submitted on March 26, 2019.

**United States District Court, Western District of Washington,** *Jacob Beaty and Jessica Beaty on, behalf of themselves and all others similarly situated, v. Ford Motor America,* Case No. 3:17-CV-05201-RBL, on behalf of Simmons Hanly Conroy LLC; Declaration submitted on February 22, 2019; Deposition on March 29, 2019; Reply Declaration submitted on July 10, 2019; Deposition on July 30, 2019.

**United States District Court, Southern District of New York,** *Nicholas Parker, on behalf of himself and all others similarly situated, v. United Industries Corporation*, Case No. 1:17-cv-05353, on behalf of Bursor & Fisher, P.A., Declaration submitted February 3, 2019; Declaration submitted March 21, 2019; Declaration submitted on May 3, 2019; Deposition on July 24, 2019.

**United States District Court, Northern District of California,** *Debbie Krommenhock and Stephen Hadley, on behalf of themselves, all others similarly situated, and the general public, v. Post Foods, LLC,* Case No. 3:16-cv-04958-WHO (JSC), on behalf of Law Offices of Jack Fitzgerald, PC, Declaration submitted January 11, 2019; Deposition on March 1, 2019; Declaration on April 24, 2019; Deposition on May 14, 2019; Supplemental Declaration submitted on June 21, 2019; Omnibus Declaration submitted on August 9, 2019.

**United States District Court, Southern District of New York,** *Leona Hunter and Anne Marie Villa, on behalf of themselves and all others similarly situated, v. Time Warner Cable Inc.*, Case No. 15-cv-06445-JPO (JLC), on behalf of Bursor & Fisher, P.A. Declaration submitted on November 30, 2018; Deposition on December 21, 2018; Reply Declaration submitted on February 27, 2019.

**United States District Court, Northern District of California,** *Jeremiah Revitch, on Behalf of Himself and all Others Similarly Situated, v. Citibank, N.A.*, Case No. 17-cv-06907-JCS, on behalf of Bursor & Fisher, P.A. Declaration submitted on November 27, 2018; Deposition on December 28, 2018; Reply Declaration submitted on February 1, 2019; Deposition on February 26, 2019.

**United States District Court, Central District of California,** *Kaylee Browning and Sarah Basile, on behalf of themselves and all others similarly situated, v. Unilever United States Inc.*, Case No. 8:16-cv-02210, on behalf of Bursor & Fisher, P.A., Declaration submitted on October 22, 2018; Deposition on November 1, 2018; Reply Declaration submitted on November 23, 2018.

**United States District Court, Southern District of New York,** *Lori Canale, individually, and on behalf of all others similarly situated, v. Colgate-Palmolive Co.,* Case No. 7:16-CV-03308-CS, on behalf of Bursor & Fisher, P.A., Declaration submitted on September 19, 2018.



**Superior Court for the State of California, In and for the County of San Francisco,** *Michelle Gyorke-Takatri and Katie Silver on behalf of themselves and all others similarly situated, v. Nestlé USA, Inc. and Gerber Products Company,* Case No. CGC 15-546850, on behalf of Stanley Law Group, Declaration submitted on September 7, 2018.

**United States District Court, Northern District of Illinois, Eastern Division,** *Ryan Porter and Haarin Kwon, individually and on behalf of all others similarly situated, NBTY, Inc., United States Nutrition Inc., Healthwatchers (DE), Inc., and MET-RX Nutrition, Inc.,* Case No. 15-cv-11459, on behalf of Bursor & Fisher, P.A., Declaration submitted on August 15, 2018; Deposition on October 12, 2018; Reply Declaration on December 21, 2018.

**Superior Court of the State of California, For The County of San Francisco,** *Deanna Gastelum and Heather Bryden individually and on behalf of all other persons similarly situated, v. Frontier California Inc.,* Case No. CGC-11-511467, on behalf of Bramson, Plutzik, Mahler and Birkhaeuser; Declaration submitted on July 31, 2018, Declaration submitted August 13, 2018.

**United States District Court, For the Southern District of New York,** *Suzanna Bowling, individually and on behalf of all others similarly situated, v. Johnson & Johnson and McNeil Nutritionals, LLC,* Case No. 1:17-cv-03982-AJN, on behalf of Bursor & Fisher, P.A., Declaration submitted on July 30, 2018, Deposition on September 6, 2018; Reply Declaration submitted on November 16, 2018.

**United States District Court, Southern District of New York,** *Anne De Lacour, Andrea Wright, and Loree Moran individually and on behalf of all others similarly situated, v. Colgate-Palmolive Co., and Tom's of Maine Inc.,* Case No. 1:16-cv-08364-RA, on behalf of Bursor & Fisher, P.A., Declaration submitted on June 15, 2018; Deposition on August 28, 2018; Reply Declaration submitted on November 21, 2018.

**United States District Court, Northern District of California, San Francisco Division,** *In re: Chrysler-Dodge-Jeep EcoDiesel® Marketing, Sales Practices, and Products Liability Litigation Dorun Bali, et al., v. Fiat Chrysler Automobiles N.V., FCA US LLC, Sergio Marchionne, VM Motori S.p.A., VM North America, Inc., Robert Bosch GmbH, Robert Bosch LLC, and Volkmar Denner,* Case No. MDL 2777-EMC, on behalf of Lieff Cabraser Heimann & Bernstein, Declaration submitted on June 6, 2018, Deposition on July 18, 2018, Reply Declaration submitted on September 4, 2018.

**United States District Court, Northern District of California,** *Stephen Hadley, on behalf of himself, all others similarly situated, and the general public, v. Kellogg Sales Company,* Case No. 5:16-cv-04955-LHK-HRL, on behalf of Law Offices of Jack Fitzgerald, PC, Declaration submitted April 30, 2018, Deposition on May 31, 2018; Reply Declaration submitted June 25, 2018; Declaration submitted on September 20, 2018; Deposition on September 28, 2018.

5

ECONOMICS AND
TECHNOLOGY, INC.

**United States District Court, Northern District of Illinois, Eastern Division,** *Teresa Elward, Dennis Keesler, Leasa Brittenham, Kathy Beck and Nathaniel Beck, Angelia East, Sarah LaVergne, Tony And Lauren Fitzgerald, Gregory Gray, Bethany Williams, John McLaughlin, Stacy Cisco, and William Ferguson and Cheryl Ferguson, individually and on behalf of all others similarly situated, v. Electrolux Home Products, Inc.,* Case No. 1:15-cv-09882-JZL, on behalf of Greg Coleman Law, Declaration submitted April 20, 2018; Reply Declaration submitted on July 13, 2018; Deposition on August 17, 2018.

**United States District Court for the Northern District of California,** *Jackie Fitzhenry-Russell, an individual, on behalf of herself, the general public and those similarly situated v. The Coca Cola Company, and Does 1-50,* Case No. 5:17-CV-00603-EJD, on behalf of Gutride Safier, LLP, Declaration submitted April 16, 2018; Deposition on October 3, 2018.

**United States District Court for the Southern District of New York,** *Josephine James Edwards, individually and on behalf of all others similarly situated, v. Hearst Communications, Inc.,* Case No. 15-cv-09279-AT, on behalf of Bursor & Fisher, P.A., Declaration submitted April 16, 2018; Deposition on June 7, 2018.

**United States District Court, Northern District of California,** *Jackie Fitzhenry-Russell, Robin Dale, and Gegham Margaryan, as individuals, on behalf of themselves, the general public and those similarly situated, v. Dr. Pepper Snapple Group, Inc., Dr Pepper/Seven Up, Inc., and Does 1-50,* Case No. 5:17-cv-00564-NC (lead); Case No. 5:17-cv-02341-NC (consolidated); Case No. 5:17-cv-04435-NC (consolidated), on behalf of Gutride Safier, LLP, Declaration submitted April 9, 2018; Deposition on April 19, 2018; Reply Declaration submitted June 6, 2018; Supplemental Declaration submitted on November 19, 2018.

**United States District Court for the Western District of Texas, Austin Division,** *Sylvia Morris, on behalf of herself and all others similarly situated, v. Modernize Inc.,* Case No. 17:-cv-963-SS, on behalf of Bursor & Fisher, P.A., Declaration submitted March 13, 2018; Deposition on June 14, 2018.

**United States District Court, Northern District of California, San Jose Division,** *In re: Arris Cable Modem Consumer Litigation,* Case No. 17-cv-1834-LHK, on behalf of Schubert Jonckheer & Kolbe, Declaration submitted on March 9, 2018; Reply Declaration submitted April 9, 2018; Deposition on April 11, 2018; Declaration submitted June 13, 2018; Declaration submitted January 31, 2019; Deposition on February 14, 2019; Reply Declaration submitted on March 14, 2019.

**United States District Court, Southern District of New York,** *In re: Amla Litigation,* Case No. 1:16-cv-06593-JSR, on behalf of Levi & Korsinsky LLP, Declaration submitted on March 5, 2018; Declaration submitted November 14, 2018; Deposition on November 28, 2018.

ECONOMICS AND TECHNOLOGY, INC.

**United States District Court, Eastern District of Michigan,** *Toby Schechner, Barbara Barnes, Laura Bliss, Kathleen Jordan, Kathryn Limpede, Louise Miljenovic, Candace Oliarny, Beverly Simmons, Richard Thome And Mary Ellen Thome, V. Whirlpool Corporation,* Case No. 16-cv-12409-SJM, on behalf of Robbins Geller Rudman & Dowd, LLP, Declaration submitted February 12, 2018; Deposition on May 15, 2018; Reply Declaration submitted May 17, 2018.

**United States District Court, Southern District of California,** *Jose Conde, et al., v. Sensa, et al.,* Case No. 14-cv-51 JLS (WVG), on behalf of Bursor & Fisher, P.A., Declaration submitted February 6, 2018; Declaration submitted February 21, 2019.

**United States District Court, Northern District Of Illinois, Eastern Division,** *Angel Bakov, Julie Herrera, and Kinaya Hewlett, individually and on behalf of all others similarly situated, v.Consolidated World Travel, Inc. d/b/a Holiday Cruise Line, a Florida corporation,* Case No. 15-cv-02980-HDL SEC, on behalf of Bursor & Fisher, P.A., Declaration submitted February 6, 2018; Deposition on April 25, 2018.

**United States District Court, Northern District of Illinois,** *Jennifer Beardsall, Daniel Brown, Jennifer Carlsson, Deborah Cartnick, Amy Connor-Slaybaugh, Phyllis Czapski, Raelee Dallacqua, Autumn Dean, Skye Doucette, Christopher Draus, Gerald Gordon, Alexandra Groffsky, Emma Groffsky, Joyce Ivy, La Tanya James, Michelle Jessop, Joy Judge, Kathy Mellody, Susan Nazari, Megan Norsworthy, Deborah Ostrander, Martina Osley, Dana Phillips, Thomas Ramon, Jr., Nancy Reeves, Matthew Robertson, Shelley Waitzman, Jamilla Wang, and Amber Wimberly, Individually and on Behalf of All Others Similarly Situated, v. CVS Pharmacy, Inc., Target Corporation, Walgreen Co., Wal-Mart Stores, Inc., and Fruit of the Earth, Inc.,* Case No. 1:16-cv-06103, on behalf of Greg Coleman Law, Declaration submitted December 22, 2017; Reply Declaration on May 4, 2018.

**United States District Court, Southern District of New York,** *Jaish Markos, individually and on behalf of all others similarly situated, v. Russell Brands, LLC,* Case No. 16-CV-04362(CS), on behalf of The Sultzer Law Group, Declaration submitted on December 1, 2017, Deposition on January 4, 2018.

**United States District Court, Northern District of California,** *Siera Strumlauf, Benjamin Robles, and Brittany Crittenden, individually and on behalf of all others similarly situated, v. Starbucks Corporation,* Case No. 16-CV-01306-YGR, on behalf of Bursor & Fisher, P.A., Declaration submitted on October 31, 2017, Deposition on December 13, 2017.

**United States District Court, Southern District of California,** *Sheila Dashnaw, William Meier, and Sherryl Jones, individually, and on behalf of all others similarly situated, v. New Balance Athletics, Inc., a corporation; and DOES 1 through 50, inclusive,* Case No. 3:17-cv-00159-L-JLB, on Behalf of The Wand Law Firm, Declaration submitted on September 8, 2017; Deposition on October 5, 2017; Rebuttal Declaration December 11, 2017.

ECONOMICS AND
TECHNOLOGY, INC.

**United States District Court, Central District of California,** *Veronica Brenner, on behalf of herself and all others similarly situated, v. Procter & Gamble Co.*, Case No. 8:16-1093-JLS-JCG, on behalf of Bursor & Fisher, P.A., Declaration submitted September 5, 2017; Deposition on October 10, 2016.

**United States District Court, Eastern District of California,** *Joann Martinelli, individually and on behalf of all others similarly situated, v. Johnson & Johnson And McNeil Nutritionals, LLC,* Case No. 2:15-cv-01733-MCE-DB, on behalf of Bursor & Fisher, P.A., Declaration submitted August 28, 2017, Deposition on December 20, 2017; Reply Declaration submitted on January 5, 2018.

**United States District Court, Northern District of California, San Francisco Division,** *Martin Schneider, Sarah Deigert, Laurie Reese, Theresa Gamage, Tiffanie Zangwill, and Nadia Parikka, Individually and on Behalf of All Others Similarly Situated, v. Chipotle Mexican Grill, Inc.*, Case No. 3:16-cv-02200-HSG, on behalf of Kaplan Fox & Kilsheimer LLP, Declaration submitted August 11, 2017; Deposition on September 22, 2017.

**United States District Court, Southern District of Ohio,** *Tom Kondash, on behalf of himself and all others similarly situated, v. Kia Motors America, Inc., and Kia Motors Corporation,* Case No. 1:15-cv-00506-SJD, on behalf of Gibbs Law Group, LLP, Declaration submitted July 10, 2017, Deposition on November 29, 2017.

**United States District Court, Northern District of Illinois, Eastern Division,** *Ryan Porter and Haarin Kwon, individually and on behalf of all others similarly situated, v. NBTY, Inc., United States Nutrition Inc., Healthwatchers (DE), Inc., and MET-RX Nutrition, Inc.*, Case No. 15-cv-11459, on behalf of Bursor & Fisher, P.A., Settlement Declaration submitted June 22, 2017; Declaration submitted on August 15, 2018; Deposition on October 12, 2018.

**United States District Court, Northern District of California,** *Sandra McMillion, Jessica Adekoya And Ignacio Perez, on Behalf of Themselves and all Others Similarly Situated, v. Rash Curtis & Associates*, Case No. 16-cv-03396-YGR, on behalf of Bursor & Fisher, P.A., Declaration submitted May 30, 2017, Declaration submitted August 25, 2017, Declaration submitted on October 16, 2017; Declaration submitted on August 10, 2018; Declaration submitted on November 6, 2018; Declaration submitted on November 12, 2018; Deposition on December 11, 2018; Oral Testimony and Cross Examination May 7 - 8, 2019.

**United States District Court, Northern District of California,** *Vincent D. Mullins, et al., v. Premier Nutrition Corporation,* Case No. 13-cv-01271-RS, on behalf of Blood, Hurst, & O'Reardon, LLP, Reply Declaration submitted May 19, 2017; Deposition on July 20, 2017.

8

ECONOMICS AND
TECHNOLOGY, INC.

**United States District Court, Southern District of California,** *Preston Jones and Shirin Delalat, on behalf of themselves, all others similarly situated, and the general public, v. Nutiva Inc.*, Case No. 16-cv-00711 HSG, on behalf of Law Offices of Jack Fitzgerald, PC, Declaration submitted May 9, 2016; Deposition on August 23, 2017; Reply Declaration submitted January 12, 2018; Reply Declaration submitted March 2, 2018.

**United States District Court, Central District of California, Southern Division,** *Billy Glenn, Kathy Warburton, Kim Fama, and Corinne Kane, on behalf of themselves and all others similarly situated, v. Hyundai Motor America And Hyundai Motor Company*, Case No. 15-cv-02052-DOC-KES, on behalf of Gibbs Law Group, LLP, Declaration submitted May 1, 2017; Deposition on July 27, 2017; Reply Declaration submitted on October 2, 2017; Reply Declaration submitted on October 6, 2017; Declaration submitted on March 23, 2018.

**United States District Court, Southern District of California,** *Sherry Hunter, on behalf of herself, all others similarly situated, and the general public, v. Nature's Way Products, LLC, and Schwabe North America, Inc.,* Case No. 3:16-cv-00532-WQH-BLM, on behalf of Law offices of Jack Fitzgerald, PC, Declaration submitted March 24, 2017; Reply Declaration submitted May 26, 2017; Reply Declaration submitted on July 11, 2017.

**United States District Court, Southern District Of New York,** *Joanne Hart, and Sandra Bueno, on behalf of themselves and all others similarly situated, v. BHH, LLC d/b/a Bell + Howell and Van Hauser LLC*, Case No. 1:15-cv-04804-WHP, on behalf of Bursor & Fisher, P.A., Declaration submitted March 16, 2017; Deposition on January 10, 2018; Supplemental Declaration submitted January 30, 2018; Declaration submitted on March 2, 2018; Supplemental Declaration submitted on March 30, 2018; Supplemental Declaration submitted on November 26, 2018; Deposition on December 20, 2018.

**United States District Court, Eastern District Of New York, Brooklyn Division,** *Reply All Corp., v. Gimlet Media, Inc.,* Case No. 15-cv-04950-WFK-PK, on behalf of Wolf, Greenfield & Sacks, P.C., Declaration submitted March 15, 2017; Deposition on April 26, 2017.

**United States District Court, Northern District of California,** *James P. Brickman, individually and as a representative of all others similarly situated, v. Fitbit, Inc.*, Case No. 3:15-cv-02077-JD, on behalf of Dworken & Bernstein LPA, Declaration submitted February 28, 2017; Deposition on March 8, 2017.

**United States District Court, Northern District of California,** *Jamie Pettit, an individual, on behalf of herself, the general public and those similarly situated, v. Procter & Gamble Company; and Does 1 Through 50,* Case No. 15-cv-02150-RGS, on behalf of Gutride Safier LLP, Declaration submitted February 14, 2017; Deposition on March 3, 2017; Reply Declaration submitted May 11, 2017.

9

ECONOMICS AND
TECHNOLOGY, INC.

**United States District Court, Southern District of New York,** *Alan Gulkis, individually and on behalf of all others similarly situated, Zicam LLC and Matrixx Initiatives, Inc.*, Case No. 7:15-cv-09843-CS, on behalf of Bursor & Fisher, P.A., Declaration submitted on February 8, 2017; Deposition on July 14, 2017.

**United States District Court, Central District of California,** *Elisabeth Martin, on behalf of herself, all others similarly situated, and the general public, v. Monsanto Company*, Case No. 16-02168-JFW (SPx), on behalf of the Law Office of Jack Fitzgerald, PC, Declaration submitted February 6, 2017; Deposition on February 9, 2017; Reply Declaration on February 27, 2017.

**United States District Court, Southern District of New York,** *Walt Famular, on behalf of himself and all others similarly situated, v. Whirlpool Corporation*, Case No. 16-cv-00944, on behalf of Bursor & Fisher, P.A., Declaration submitted February 3, 2017, Deposition on August 15, 2017, Rebuttal Declaration on March 20, 2018.

**United States District Court, Central District of California,** *In re: 5-Hour Energy Marketing and Sales Practices Litigation*, Case No. 2:13-ml-02438 PSG, on behalf of Bursor & Fisher, P.A., Declaration submitted September 26, 2016; Reply Declaration submitted October 14, 2016; Deposition on October 27, 2016; Declaration submitted on December 22, 2016; Rebuttal Declaration submitted on March 15, 2017.

**United States District Court, Southern District of Florida,** *Benjamin Hankinson, James Guerra, Jeanette Gandolfo, Lisa Palmer, Donald Anderson, Catherine Long, and Lisa Prihoda, individually and on behalf of others similarly situated, v. R.T.G. Furniture Corp., d/b/a Rooms to Go, RTG America, LLC, The Jeffrey Seaman 2009 Annuity Trust, RTG Furniture Corp. of Georgia, d/b/a Rooms to Go, Rooms to Go North Carolina Corp., d/b/a Rooms to Go, RTG Furniture of Texas, L.P., d/b/a Rooms to Go, RTG Texas Holdings, Inc., and R.T.G. Furniture Corp. of Texas*, Case No. 9:15-cv-81139-COHN/SELTZER, on behalf of Cohen Milstein, Declaration submitted September 1, 2016; Declaration submitted October 3, 2016; Deposition on November 4, 2016; Declaration submitted on January 5, 2017.

**Circuit Court Of Cook County, Illinois County Department, Chancery Division,** *Amy Joseph, individually and on behalf of all others similarly situated, Benjamin Perez, individually and on behalf of all others similarly situated, Intervening Plaintiff, v. Monster Inc., a Delaware Corporation, and Best Buy Co., Inc., a Minnesota Corporation*, Case No. 2015 CH 13991, on behalf of Interveners, Declaration submitted August 8, 2016; Supplemental Declaration submitted January 22, 2018.

**United States District Court, Central District of California, Eastern Division,** *Jeff Looper, Michael Bright, Scott Johnson, individuals on behalf of themselves and all others similarly situated, v. FCA US LLC, f/k/a Chrysler Group LLC, a Delaware limited liability company, and DOES 1-100 inclusive*, Case No. 14-cv-00700-VAP-DTB, on behalf of Gibbs Law Group, LLP; Declaration submitted August 7, 2016; Deposition on September 29, 2016.



**United States District Court, Eastern District of California,** *Chad Herron, individually, on behalf of himself and all others similarly situation, v. Best Buy Stores, LP, a Virginia limited partnership,* Case No. 12-cv-02103-TLN-CKD, on behalf of Stonebarger Law, A Professional Corporation; Declaration submitted June 24, 2016; Deposition on July 29, 2016; Supplemental Declaration submitted September 8, 2016.

**United States District Court for the Southern District of Florida,** *Angela Sanchez-Knutson v. Ford Motor Company,* Case No. 14:61344-CIV DIMITROULEAS, on behalf of Kelley Uustal Trial Attorneys; Deposition on June 1, 2016.

**United States District Court, Central District of California,** *Jacqueline Dean, on behalf of herself and all others similarly situated, v. Colgate-Palmolive Co.,* Case No. 5:15-cv-00107, on behalf of Bursor & Fisher, P.A.; Declaration submitted April 29, 2016; Deposition on July 13, 2016; Reply Declaration submitted on May 2, 2017; Declaration submitted on October 2, 2016; Reply Declaration submitted on December 14, 2017.

**United States District Court, District of New Jersey,** *In re: AZEK Decking Marketing & Sales Practices Litigation,* Case No. 12-cv-06627-MCA-MAH, on behalf of Seeger Weiss, LLP; Declaration submitted February 26, 2016; Declaration submitted May 16, 2016; Deposition on July 6, 2016; Reply Declaration submitted August 29, 2016.

**United States District Court. Northern District of California,** *In re: Nest Labs Litigation,* Case No. 5:14-cv-01363-BLF, on behalf of Bursor & Fisher, P.A.; Declaration submitted on January 22, 2016; Deposition on March 2, 2016; Reply Declaration submitted on June 3, 2016.

**United States District Court, Northern District of California,** *Rohini Kumar, an individual, on behalf of herself, the general public and those similarly situated, v. Salov North America Corp.; And Italfoods, Inc.,* Case No. 4:14-cv-02411-YGR, on behalf of Gutride Safier LLP; Declaration submitted on January 19, 2016; Deposition on February 24, 2016; Reply Declaration submitted on May 10, 2016; Declaration submitted on April 11, 2017, Declaration submitted on May 16, 2017.

**United States District Court, Northern District of Ohio, Eastern Division,** *Christopher Meta, On Behalf Of Himself And All Others Similarly Situated v. Target Corporation, et al.,* Case No. 4:14-0832-DCN, on behalf of Tycko & Zavareei, LLP, Declaration submitted January 6, 2016; Deposition on March 15, 2016; Reply Declaration submitted on March 18, 2016.

**United States District Court, District of New Jersey,** *Charlene Dzielak, Shelley Baker, Francis Angelone, Brian Maxwell, Jeffery Reid, Kari Parsons, Charles Beyer, Jonathan Cohen, Jennifer Schramm, and Aspasia Christy on behalf of themselves and all others similarly situated, v. Whirlpool Corporation, Lowe's Home Center, Sears Holdings Corporation, The Home Depot, Inc., Fry's Electronics, Inc., And Appliance Recycling Centers Of America, Inc.,* Case No. 12-cv-0089-KM-JBC, on behalf of Bursor & Fisher, P.A., Declaration submitted December 28, 2015; Deposition on April 22, 2016; Rebuttal Declaration submitted June 10, 2016; Responding Declaration submitted July 6, 2018; Rebuttal Declaration submitted on August 10, 2018.

ECONOMICS AND
TECHNOLOGY, INC.

**United States District Court, District of New Jersey,** *In re: Tropicana Orange Juice Marketing and Sales Practices Litigation,* Case No. 12-cv-7382-WJM-JBC, on behalf of Carella, Byrne, Cecchi, Olstein, Brody & Agnello, PC.; Declaration submitted on November 6, 2015; Deposition on January 28, 2016.

**United States District Court, Northern District of California,** *Scott Koller, an individual, on behalf of himself, the general public and those similarly situated v. Deoleo USA, Inc. and Med Foods, Inc.,* Case No. 3:14-cv-02400-RS, on behalf of Gutride Safier LLP; Declaration submitted on October 29, 2015; Deposition on December 21, 2015; Reply Declaration submitted on April 3, 2017.

**United States District Court, Eastern District Of New York,** *Patrick Hughes and Nafisé Nina Hodjat, individually and on behalf of others similarly situated, v. The Ester C Company; NBTY, Inc.; and Naturesmart, LLC,* Case No. 12-cv-00041-JFB-ETB, on behalf of Reese LLP and WhatleyKallas LLP; Declaration submitted October 22, 2015; Deposition on December 1, 2015; Reply Declaration submitted on January 28, 2016; Surrebuttal Declaration submitted on April 20, 2016; oral testimony and cross examination on September 20, 2016.

**United States District Court, District Of Connecticut,** *Glen Grayson, and Doreen Mazzanti, individually and on behalf of themselves and all others similarly situated, v. General Electric Company,* Case No. 3:13-cv-01799-WWE, on behalf of Izard Nobel LLP; Declaration submitted October 15, 2015; Deposition on November 17, 2015; Rebuttal Declaration submitted March 23, 2016.

**United States District Court, District of New Jersey,** *Lynne Avram, on behalf of herself and all others similarly situated, v. Samsung Electronics America Inc., and Lowe's Home Centers, Inc.,* Case No. 11-cv-6973-KM-MCA, on behalf of Faruqi & Faruqi LLP; Declaration filed July 15, 2015; Deposition September 29, 2015.

**United States District Court, District of Connecticut,** *Heidi Langan, on behalf of herself and all others similarly situated, v. Johnson & Johnson Consumer Companies, Inc.,* Case No. 3:13-cv-01471-RNC, on behalf of Izard Nobel LLP; Declaration filed June 23, 2015; Deposition on July 21, 2015; Reply Declaration filed October 15, 2015.

**United States District Court, Eastern District of California,** *Yesenia Melgar, on behalf of herself and all others similarly situated, v. Zicam LLC, and Matrixx Initiatives, Inc.,* Case No. 2:14-cv-00160-MCE-AC, on behalf of Bursor & Fisher, PA; Declaration filed June 8, 2015.

**United States District Court, Central District of California, Eastern Division-Riverside** *Michael J. Otto, individually, and on behalf of other members of the general public similarly situated, v. Abbott Laboratories, Inc.,* Case No. 12-01411-SVW(DTBx), on behalf of Baron & Budd; Declaration filed May 25, 2015; Deposition on June 2, 2015; Supplemental Declaration filed July 6, 2015.

12

ECONOMICS AND TECHNOLOGY, INC.

**United States District Court, Central District of California,** *Russell Minoru Ono, individually and on behalf of others similarly situated, v. Head Racquet Sports USA, a corp. and Head USA Inc.,* Case No. 13-04222-FMO, on behalf of Baron & Budd; Declaration filed April 24, 2015, Deposition on June 30, 2015; Reply Declaration filed July 2, 2015.

**United States District Court, Southern District of Florida,** *Vanessa Lombardo, on behalf of herself and all others similarly situated, v. Johnson & Johnson Consumer Companies and Neutrogena Corporation,* Case No. 13-60536-SCOLA, on behalf of Morgan & Morgan; Declaration filed March 31, 2015.

**United States District Court, Eastern District of New York,** *D. Joseph Kurtz, individually and on behalf all others similarly situated, v. Kimberly-Clark Corporation and Costco Corporation,* Case No. 14-01142-JBW, on behalf of Robbins Geller Rudman & Dowd LLP; Declaration filed February 27, 2015; Rebuttal Declaration filed March 27, 2015; Supplemental Declaration submitted on July 9, 2019; Supplemental Declaration submitted on July 12, 2019; Oral testimony and cross-examination on August 6-8 and 12, 2019.

**United States District Court, Eastern District of New York,** *Anthony Belfiore, on behalf of himself and all others similarly situated, v. Procter & Gamble,* Case No. 14-04090-JBR, on behalf of Wolf Popper LLP; Declaration filed February 27, 2015; Rebuttal Declaration filed April 30, 2015; Supplemental Declaration submitted on July 9, 2019; Deposition on July 26, 2019; Oral testimony and cross-examination on August 6-8 and 12, 2019.

**United States District Court, Northern District of California,** *Patrick Hendricks, individually and on behalf of all others similarly situated, v. StarKist Co.,* Case No. 13-0729-YGR, on behalf of Bursor & Fisher, PA; Declaration filed January 20, 2015; Deposition on February 10, 2015; Reply Declaration filed April 7, 2015.

**United States District Court, Northern District of California, San Francisco Division,** *Scott Miller and Steve Leyton, individually and on behalf themselves, the general public and those similarly situated v. Ghirardelli Chocolate Company,* Case No. 12-04936-LB, on behalf of Gutride Safier LLP, Declaration filed January 8, 2015; Reply Declaration filed February 5, 2015.

**United States Bankruptcy Court, Eastern District of New York,** *In re: Kangadis Food Inc., d/b/a The Gourmet Factory, Debtor,* Case No. 14-72649-REG, on behalf of Bursor & Fisher, PA; Declaration filed August 5th, 2014; Oral testimony on November 24, 2014.

**United States District Court, Southern District of New York,** *Joseph Ebin and Yeruchum Jenkins, individually and on behalf of all others similarly situated v. Kangadis Family Management LLC, Aristidia Kangadis a/k/a "Mr. Aris," Andromahi Kangadis a/k/a "Mrs. Mahi," and Themis Kangadis,* Case No. 14-cv-1324-JSR, on behalf of Bursor & Fisher, PA; Declaration filed August 5, 2014; Deposition on October 9, 2014.

ECONOMICS AND
TECHNOLOGY, INC.

**United States District Court, Northern District of California, San Francisco Division,** *Erin Allen, on behalf of herself and all others similarly situated, v. Con Agra Foods, Inc.,* Case No. 13-cv-01279-VC, on behalf of Hagens Berman Sobol Shapiro LLP and The Eureka Law Firm; Declaration submitted August 11, 2014; Deposition on September 30, 2014; Declaration submitted July 9, 2018; Deposition on March 7, 2019; Reply Declaration submitted on May 22, 2019.

**United States District Court, Eastern District of California,** *Kyle Dei Rossi and Mark Linthicum, on behalf of themselves and those similarly situated, v. Whirlpool Corporation,* Case No. 12-cv-00125-TLN-CKD, on behalf of Bursor & Fisher, P.A.; Declaration filed July 31, 2014, Deposition on August 20, 2014.

**United States District Court, Northern District of Illinois, Eastern Division,** *In re: Southwest Airlines Voucher Litigation.,* Case No. 11-cv-8176, Hon. Matthew Kennelly, on behalf of Siprut PC; Declaration filed June 4, 2014; Oral testimony and cross examination on June 16, 2014.

**United States District Court, Central District of California, Western Division,** *In re: ConAgra Foods, Inc.,* Case No. 11-cv-05379-MMM, MDL No. 2291, on behalf of Milberg LLP and Grant & Eisenhofer, P.A.; Declaration filed May 5, 2014; Deposition on May 23, 2014; Declaration filed June 30, 2014; Declaration filed September 8, 2014; Deposition on September 16, 2014, Declaration filed October 27, 2014; Declaration submitted on March 8, 2019.

**United States District Court, Southern District of New York,** *In re: Scotts EZ Seed Litigation,* Case No. 12-cv-4727-VB, on behalf of Bursor & Fisher, PA; Declaration filed March 31, 2014; Deposition on May 21, 2014; Declaration filed on January 8, 2016; Deposition on February 10, 2016; Reply Declaration submitted June 30, 2016; Declaration submitted September 1, 2016; Declaration submitted on October 20, 2016.

**United States District Court, Central District of California,** *Julie Fagan, Michael Fagan, Melissa Pennalatore, Amy Sapeika and Shelley Trinchero, individually and on behalf of all others similarly situated v. Neutrogena Corporation,* Case No. 13-cv-01316-SVW, on behalf of Izard Nobel LLP; Declaration filed March 21, 2014; Deposition on April 3, 2014; Supplemental Declaration filed August 4, 2014; Deposition on August 13, 2014; Declaration filed September 9, 2014.

**United States District Court, Central District of California,** *Enzo Forcellati and Lisa Roemmich, individually and on behalf of all others similarly situated v. Hyland's Inc., Standard Homeopathic Laboratories, Inc. and Standard Homeopathic Company,* Case No. 12-cv-01983-GHK, on behalf of Faruqi and Faruqi; Declaration filed December 13, 2013; Deposition on February 27, 2014.

**United States District Court, Southern District of Florida,** *Adam Karhu, on behalf of himself and all others similarly situated, v. Vital Pharmaceuticals, Inc., d/b/a VPX Sports,* Case No. 13-cv-60768-JIC, on behalf of Thornton, Davis, & Fein, P.A., Declaration filed December 13, 2013; Declaration filed January 6, 2014; Declaration filed March 31, 2014.

**Trial Court of Massachusetts, District of Edgartown,** *Schepici v. JetBlue Airways Corp.,* on behalf of plaintiff; Mediation on December 4, 2013.

14



**Superior Court of California, County of Alameda,** *In re: Cellphone Termination Fee Cases, Ramzy Ayyad, et al, v. Sprint Spectrum, L.P.,* JCCP No. 4332, Case No. RG03-121510, on behalf of the Executive Committee; Declaration filed September 18, 2013.

**United States District Court, Northern District of California,** *Maria Torres, Gabriel Rojas, and Ian Kerner, individually and on behalf of all others similarly situated v. JC Penney Corporation, Inc.; and JC Penney Company, Inc.,,* Case No. cv-12-01105-RS, on behalf of Bramson, Plutzik, Mahler and Birkhaeuser; Declaration filed September 13, 2013; Deposition on October 2, 2013.

**United States District Court, Southern District of New York,** *Joseph Ebin and Yeruchum Jenkins, individually and on behalf of all others similarly situated v. Kangadis Foods Inc,* Case No. 13-cv-02311-JSR, on behalf of Bursor & Fisher, PA; Declaration filed August 26, 2013; Deposition on October 21, 2013.

**United States District Court, Northern District of California,** *Desiree Moore, on behalf of themselves, the general public, and all those similarly situated, v. Verizon Communications,* Case No. 4:09-cv-01823-SBA, on behalf of David Schachman and Associates PC, Jacobs Kolton Chtd., and Keller Grover, LLP; Declaration filed June 24, 2013.

**American Arbitration Association,** *[Redacted for public inspection],* on behalf of Claimant; Oral testimony and cross examination on March 1, 2013.

**American Arbitration Association,** *[Redacted for public inspection],* on behalf of Claimant; Oral testimony and cross examination on February 20, 2013.

**American Arbitration Association,** *[Redacted for public inspection],* on behalf of Claimant; Oral testimony and cross examination on February 19, 2013.

**American Arbitration Association,** *[Redacted for public inspection],* on behalf of Claimant; Oral testimony and cross examination on February 13, 2013.

**American Arbitration Association,** *[Redacted for public inspection],* on behalf of Claimant; Oral testimony and cross examination on February 7, 2013.

**American Arbitration Association,** *[Redacted for public inspection],* on behalf of Claimant; Oral testimony and cross examination on February 4, 2013.

**American Arbitration Association,** *[Redacted for public inspection],* on behalf of Claimant; Oral testimony and cross examination on January 24, 2013.

**American Arbitration Association,** *[Redacted for public inspection],* on behalf of Claimant; Oral testimony and cross examination on December 12, 2012.

**American Arbitration Association,** *[Redacted for public inspection],* on behalf of Claimant; Oral testimony and cross examination on December 10, 2012.

**American Arbitration Association,** *[Redacted for public inspection],* on behalf of Claimant; Oral testimony and cross examination on November 28, 2012.

15

 ECONOMICS AND TECHNOLOGY, INC.

**American Arbitration Association,** *[Redacted for public inspection]*, on behalf of Claimant, Declarations filed October 4, 2012 and November 5, 2012; Oral testimony and cross examination on November 27, 2012.

**American Arbitration Association,** *[Redacted for public inspection]*, on behalf of Claimant, Declaration filed April 16, 2012; Oral testimony and cross examination on May 11, 2012.

**United States District Court, District of Massachusetts,** *Marcy Cruz v. Justin Kagan, Arthur Hegarty, Ronald Teachman, and the City of New Bedford,* Case No. 1:09-cv-11793-RGS, on behalf of Marcy Cruz, Expert Report filed February 28, 2011; Oral testimony and cross examination on December 1, 2011.

**United States District Court, Southern District of New York,** *Bursor & Fisher P.A., v. Federal Communications Commission,* Case No. 1:11-cv-05457-LAK, on behalf of Bursor & Fisher P.A., Declaration filed August 17, 2011.

**United States District Court, District of New Jersey,** *In Re: Sprint Premium Data Plan Marketing and Sales Practices Litigation,* Master Case No. 10-6334 (SDW) MDL No. 2228, on behalf of Thornton, Davis, & Fein, P.A., Declaration filed August 11, 2011.

**United States District Court, Northern District of California,** *Patrick Hendricks, on behalf of himself and all others similarly situated, v. AT&T Mobility LLC,* Case No. C11-00409, on behalf of Bursor & Fisher, P.A., Declaration filed August 7, 2011.

**Federal Communications Commission,** *In the Matter of Applications of AT&T Inc. & Deutsche Telekom AG for Consent to Assign or Transfer Control of Licenses and Authorizations,* WT Docket No. 11-65, on behalf of Butch Watson, Declaration filed June 20, 2011.

**California Public Utilities Commission,** *Pacific Bell Telephone Company d/b/a AT&T California (U1001C) Complainant, vs. O1 Communication, Inc. (U 6065 C), Defendant,* Case No. C.08-03-001, on behalf of the O1 Communications, Inc., Reply Testimony filed November 6, 2009; Oral testimony and cross examination on November 16, 2009.

**Superior Court of California, County of Alameda,** *James Thomas, on behalf of themselves, the general public, and all those similarly situated, v. Global Vision Products, Inc., Anthony Imbriolo, Derrike Cope, David L. Gordon, Powertel Technologies, Inc., Craig Dix, Henry Edelson and Robert Debenedictis,* Case No. RG03-091195, on behalf of the Law Offices Of Scott A. Bursor, Oral testimony and cross examination on November 9, 2009.

**United States District Court, District of New Jersey,** *Judy Larson, Barry Hall, Joe Milliron, Tessie Robb, and Willie Davis, individually and on behalf of all others similarly situated, v. AT&T Mobility LLC f/k/a Cingular Wireless LLC and Sprint Nextel Corporation and Sprint Spectrum L.P. d/b/a Sprint Nextel and Nextel Finance Company, Civ. Act. No. 07-5325 (JLL),* on behalf of PinilisHalpern, LLP and Law Offices of Scott A. Bursor, Declaration filed *under seal* October 19, 2009.

ECONOMICS AND
TECHNOLOGY, INC.

**California Public Utilities Commission,** *Pacific Bell Telephone Company d/b/a AT&T California (U1001C) Complainant, vs. Pac-West Telecomm, Inc. (U 5266 C), Defendant,* Case No. C.08-09-017, on behalf of the Pac-West Telecomm, Inc., Rebuttal Testimony filed May 1, 2009.

**Illinois Commerce Commission,** Illinois Bell Telephone Company Annual Rate Filing for Non-Competitive Services Under an Alternative Form of Regulation, Ill. C. C. Docket No. 08-0249, on behalf of the People of the State of Illinois, Declaration filed May 2, 2008.

**Federal Communications Commission,** Qwest Petition for Forbearance Under 47 U.S.C. §160(c) From Title II and *Computer Inquiry Rules* with Respect to Broadband Services, Petition of AT&T Inc, For Forbearance Under 47 U.S.C. §160(c) From Title II and *Computer Inquiry Rules* with Respect to Broadband Services, Petition of BellSouth Corporation For Forbearance Under 47 U.S.C. §160(c) From Title II and *Computer Inquiry Rules* with Respect to Broadband Services, Petition of the Embarq Local Operating Companies for Forbearance Under 47 U.S.C. §160(c) From Application of *Computer Inquiry* and certain Title II Common Carriage Requirements; WC Docket Nos. 06-125 and 06-147, on behalf of the AdHoc Telecommunications Users Committee, Declaration filed October 9, 2007.

**Superior Court of California, County of Alameda,** *James Thomas, on behalf of themselves, the general public, and all those similarly situated, v. Global Vision Products, Inc., Anthony Imbriolo, Derrike Cope, David L. Gordon, Powertel Technologies, Inc., Craig Dix, Henry Edelson and Robert Debenedictis,* Case No. RG03-091195, on behalf of the Law Offices Of Scott A. Bursor, Declaration filed January 5, 2007; Deposition on November 13, 2007; Oral testimony and cross-examination on December 19, 2007; Oral testimony on January 9, 2008.

Mr. Weir has served as a consultative expert in numerous proceedings that did not result in testimony, and has contributed research and analysis to numerous additional publications and testimony at the state, federal, and international levels.

ECONOMICS AND
TECHNOLOGY, INC.

**Exhibit 2**

**Documents Reviewed**

- Third Amended Class Action Complaint, filed July 22, 2019

- Declaration of Jon Krosnick, August 13, 2019

- Champion Interrogatory Responses, Interrogatories No. 1 and 2

- Applying Conjoint Analysis to Legal Disputes: A Case Study, Wind, Yoram, et al.

- Khoday v. Symantec Corp., No. 11-180 (JRT/TNL), 2014 WL 1281600, at *10 (March 13, 2014)

- Sanchez-Knutson v. Ford Motor Company, Case No. 14-61344-CIV-DIMITROULEAS, Order, October 6, 2015

- In re: Lenovo Adware Litigation, Case no. 15-md-02624-RMW (USDC NDC-SJD) DKT 153 (October 27, 2016)

- Guido v. L'Oreal, USA, Inc., 2014 WL 6603730, (C.D. Cal. July 24, 2014)

- Brown v. Hain Celestial Group, Inc., 2014 WL 6483216, (N.D. Cal. Nov. 18, 2014)

- Microsoft v. Motorola, Inc., 904 F.Supp.2d 1109 (W.D. Wa. 2012)

- In re Scotts EZ Seed Litig., 304 F.R.D. 397 (S.D.N.Y. 2015)

- Dzielak v. Maytag, 2017 WL 1034197, at *6 (D. NJ. March 17, 2017)

- TV Interactive Data Corp. v. Sony Corp., 929 F. Supp. 2d 1006, 1022 & n.6 (N.D. Cal. 2013)

- Briseno v. ConAgra Foods, Inc., 844 F.3d 1121 (9th Cir. 2017)

- Fitzhenry-Russell v. Dr Pepper Snapple Group, Inc., 2018 WL 3126385 (N.D. Cal. June 26, 2018)

- In Re Arris Cable Modem Consumer Litig., 2018 WL 3820619, at *25-*31 (N.D. Cal. Aug. 10, 2018)

- Hadley v. Kellogg Sales Co., 2018 WL 3954587, at *11-*16 (N.D. Cal. Aug. 17, 2018)

- Martinelli v. Johnson & Johnson, 2019 WL 1429653, at *3-4 (E.D. Cal. Mar. 29, 2019)

- Schneider v. Chipotle Mexican Grill, Case No. 16-cv-02200-HSG Dkt. 136 (N.D. Cal. Sep. 29, 2018).

- Champion Declaration re Class Cert- WI case

- Champion Milam Declaration re Class Cert- Wi Case

- Champion Rebuttal Expert Report- WI case

- CPF0001136

- CPF0057656

- CPF1973651

- CPF2070652

- CPF2117026

- Damages Expert Rpt.- WI case

- Label Expert Rpt.- WI case

- CPF0002951

- CPF0002952

- CPF0002953

- CPF0002954

- CPF0002955

- CPF0002956

- CPF0002957

- CPF0002958

- CPF0002963

- CPF0002965

- CPF0002969

- CPF0002977

- CPF0002985

- CPF0002989

- CPF0002993

- CPF0002999

- CPF0003001

- CPF0003006

- CPF0003008

- CPF0003011
- CPF0003021
- CPF0003037
- CPF0003038
- CPF0003051
- CPF0003065
- CPF0003069
- CPF0003075
- CPF0003087
- CPF0003099
- CPF0003104
- CPF0003151
- CPF0003154
- CPF0003158
- CPF0003165
- CPF0003179
- CPF0003189
- CPF0003191
- CPF0003254
- CPF0003256
- CPF0003260
- CPF0003265
- CPF0003277
- CPF0003288
- CPF0003290
- CPF0003334
- CPF0003337

- CPF0003343

- CPF0003349

- CPF0003355

- CPF0003376

- CPF0003391

- CPF0003406

- CPF0003437

- CPF0003447

- CPF0003452

- CPF0003516

- CPF0003532

- CPF0003586

- CPF0003588

- CPF0003593

- CPF0003600

- CPF0003601

- CPF0003602

- CPF0003610

- CPF0003617

- CPF0003618

- CPF0003619

- CPF0003626

- CPF0003627

- CPF0003634

- CPF0003635

- CPF0003641

- CPF0003642

- CPF0003648

- CPF0003682

- CPF0003683

- CPF0003711

- CPF0003712

- CPF0003714

- CPF0003715

- CPF0003774

- CPF0003775

- CPF0003776

- CPF0003853

- CPF0003890

- CPF0003891

- CPF0003892

- CPF0003935

- CPF0003939

- CPF0003940

- CPF0003942

- CPF0003943

- CPF0003944

- CPF0004045

- CPF0004136

- CPF0004137

- CPF0004322

- CPF0004329

- CPF0004335

- CPF0004336

- CPF0004349

- CPF0004356

- CPF0004371

- CPF0004373

- CPF0004385

- CPF0004410

- CPF0004437

- CPF0004475

- CPF0004511

- CPF0004514

- CPF0004538

- CPF0004540

- CPF0004557

- CPF0004558

- CPF0004567

- CPF0004576

- CPF0004577

- CPF0004578

- CPF0004579

- CPF0004589

- CPF0004593

- CPF0004594

- CPF0004609

- CPF0004610

- CPF0004613

- CPF0004614

- CPF0004622

- CPF0004623

- CPF0004702

- CPF0004721

- CPF0004724

- CPF0004725

- CPF0004734

- CPF0004735

- CPF0004971

- CPF0004972

- CPF0005009

- CPF0005010

- CPF0005147

- CPF0005154

- CPF0005155

- CPF0005156

- CPF0005256

- CPF0005257

- CPF0005301

- CPF0005302

- CPF0005323

- CPF0005373

- CPF0005401

- CPF0005415

- CPF0005424

- CPF0005425

- CPF0005469

- CPF0005470

- CPF0005477

- CPF0005478

- CPF0005518

- CPF0005519

- CPF0005540

- CPF0005565

- CPF0005567

- CPF0005575

- CPF0005576

- CPF0005585

- CPF0005594

- CPF0005596

- CPF0005700

- CPF0005701

- CPF0005712

- CPF0005713

- CPF0005714

- CPF0005724

- CPF0005725

- CPF0005754

- CPF0005757

- CPF0005759

- CPF0005775

- CPF0005777

- CPF0005834

- CPF0005835

- CPF0005836

- CPF0005839

- CPF0005847

- CPF0005848

- CPF0005883

- CPF0005884

- CPF0005885

- CPF0005893

- CPF0005894

- CPF0005897

- CPF0005898

- CPF0005904

- CPF0005905

- CPF0005906

- CPF0005948

- CPF0005949

- CPF0006019

- CPF0006020

- CPF0006072

- CPF0006073

- CPF0006150

- CPF0006151

- CPF0006155

- CPF0006160

- CPF0006166

- CPF0006173

- CPF0006185

- CPF0006190

- CPF0006226

- CPF0006238

- CPF0006248

- CPF0006249

- CPF0006253

- CPF0006254

- CPF0006261

- CPF0006285

- CPF0006322

- CPF0006325

- CPF0006344

- CPF0006346

- CPF0006366

- CPF0006369

- CPF0006373

- CPF0006374

- CPF0006375

- CPF0006376

- CPF0006377

- CPF0006378

- CPF0006379

- CPF0006380

- CPF0006381

- CPF0006386

- CPF0006406

- CPF0006409

- CPF0006438

- CPF0006439

- CPF0006458

- CPF0006464

- CPF0006544

- CPF0006545

- CPF0006577

- CPF0006580

- CPF0006582

- CPF0006600

- CPF0006602

- CPF0006680

- CPF0006681

- CPF0006682

- CPF0006683

- CPF0006693

- CPF0006698

- CPF0006705

- CPF0006708

- CPF0006709

- CPF0006757

- CPF0006758

- CPF0006759

- CPF0006760

- CPF0006785

- CPF0006787

- CPF0006796

- CPF0006798

- CPF0006804

- CPF0006806

- CPF0006834

- CPF0006864

- CPF0006866

- CPF0006868

- CPF0006885

- CPF0006887

- CPF0006910

- CPF0006911

- CPF0006912

- CPF0006913

- CPF0006916

- CPF0006955

- CPF0006957

- CPF0006979

- CPF0006981

- CPF0007025

- CPF0007026

- CPF0007036

- CPF0007037

- CPF0007042

- CPF0007043

- CPF0007099

- CPF0007101

- CPF0007106

- CPF0007108

- CPF0007115
- CPF0007117
- CPF0007129
- CPF0007130
- CPF0007131
- CPF0007176
- CPF0007177
- CPF0007195
- CPF0007196
- CPF0007202
- CPF0007203
- CPF0007212
- CPF0007213
- CPF0007215
- CPF0007216
- CPF0007223
- CPF0007224
- CPF0007229
- CPF0007230
- CPF0007236
- CPF0007237
- CPF0007248
- CPF0007249
- CPF0007284
- CPF0007285
- CPF0007305
- CPF0007306

- CPF0007346

- CPF0007347

- CPF0007358

- CPF0007359

- CPF0007364

- CPF0007365

- CPF0007413

- CPF0007414

- CPF0007415

- CPF0007416

- CPF0007417

- CPF0007418

- CPF0007419

- CPF0007420

- CPF0007434

- CPF0007435

- CPF0007436

- CPF0007437

- CPF0007549

- CPF0007550

- CPF0007551

- CPF0007552

- CPF0007553

- CPF0007554

- CPF0007555

- CPF0007556

- CPF0007557

- CPF0007558

- CPF0007559

- CPF0007560

- CPF0007561

- CPF0007562

- CPF0007563

- CPF0007564

- CPF0007565

- CPF0007566

- CPF0007567

- CPF0007572

- CPF0007573

- CPF0007574

- CPF0007575

- CPF0007576

- CPF0007577

- CPF0007579

- CPF0007583

- CPF0007585

- CPF0007591

- CPF0007593

- CPF0007606

- CPF0007609

- CPF0007646

- CPF0007648

- CPF0007669

- CPF0007671

- CPF0007716

- CPF0007717

- CPF0007727

- CPF0007728

- CPF0007732

- CPF0007733

- CPF0007740

- CPF0007787

- CPF0007788

- CPF0007789

- CPF0007794

- CPF0007799

- CPF0007823

- CPF0007825

- CPF0007827

- CPF0007829

- CPF0007842

- CPF0007844

- CPF0007856

- CPF0007912

- CPF0007913

- CPF0007918

- CPF0007919

- CPF0007921

- CPF0007922

- CPF0007926

- CPF0007927

- CPF0007929

- CPF0007934

- CPF0007936

- CPF0007943

- CPF0007945

- CPF0007959

- CPF0007962

- CPF0008005

- CPF0008008

- CPF0008032

- CPF0008035

- CPF0008088

- CPF0008089

- CPF0008101

- CPF0008102

- CPF0008107

- CPF0008108

- CPF0008212

- CPF0008215

- CPF0008237

- CPF0008240

- CPF0008264

- CPF0008267

- CPF0008310

- CPF0008312

- CPF0008326

- CPF0008328

- CPF0008335

- CPF0008337

- CPF0008342

- CPF0008346

- CPF0008347

- CPF0008350

- CPF0008351

- CPF0008353

- CPF0008354

- CPF0008355

- CPF0008356

- CPF0008357

- CPF0008358

- CPF0008359

- CPF0008360

- CPF0008361

- CPF0008362

- CPF0008363

- CPF0008364

- CPF0008370

- CPF0008374

- CPF0008378

- CPF0008380

- CPF0008387

- CPF0008389

- CPF0008401

- CPF0008403

- CPF0008439

- CPF0008442

- CPF0008463

- CPF0008465

- CPF0008483

- CPF0008487

- CPF0008510

- CPF0008520

- CPF0008521

- CPF0008525

- CPF0008526

- CPF0008533

- CPF0008535

- CPF0008584

- CPF0008585

- CPF0008586

- CPF0008587

- CPF0008588

- CPF0008589

- CPF0008590

- CPF0008591

- CPF0008592

- CPF0008593

- CPF0008594

- CPF0008595

- CPF0008596

- CPF0008597

- CPF0008598

- CPF0008600

- CPF0008601

- CPF0008602

- CPF0009473

- CPF0009475

- CPF0009498

- CPF0009518

- CPF0009519

- CPF0009520

- CPF0009521

- CPF0009522

- CPF0009523

- CPF0009524

- CPF0009525

- CPF0009526

- CPF0009536

- CPF0009537

- CPF0009538

- CPF0009539

- CPF0009546

- CPF0009547

- CPF0009548

- CPF0009549

- CPF0009559

- CPF0009560

- CPF0009561

- CPF0009562

- CPF0009563

- CPF0009571

- CPF0009637

- CPF0009638

- CPF0009656

- CPF0009657

- CPF0009658

- CPF0009659

- CPF0009660

- CPF0009661

- CPF0009669

- CPF0009670

- CPF0009671

- CPF0009672

- CPF0009675

- CPF0009681

- CPF0009682

- CPF0009683

- CPF0009684

- CPF0009685

- CPF0009686

- CPF0009687

- CPF0009693

- CPF0009694

- CPF0009695

- CPF0009696

- CPF0009702

- CPF0009703

- CPF0009704

- CPF0009705

- CPF0009707

- CPF0009787

- CPF0009864

- CPF0009870

- CPF0009871

- CPF0009890

- CPF0010008

- CPF0010009

- CPF0010015

- CPF0010016

- CPF0010017

- CPF0010025

- CPF0010090

- CPF0010096

- CPF0010097

- CPF0010098

- CPF0010100

- CPF0010166

- CPF0010167

- CPF0010173

- CPF0010209

- CPF0010210

- CPF0010234

- CPF0010236

- CPF0010286

- CPF0010287

- CPF0010293

- CPF0010296

- CPF0010297

- CPF0010334

- CPF0010335

- CPF0010336

- CPF0010337

- CPF0010362

- CPF0010363

- CPF0010364

- CPF0010365

- CPF0010366

- CPF0010367

- CPF0010368

- CPF0010370

- CPF0010377

- CPF0010408

- CPF0010411

- CPF0010412

- CPF0010414

- CPF0010475

- CPF0010476

- CPF0010477

- CPF0010483

- CPF0010486

- CPF0010567

- CPF0010569

- CPF0010575

- CPF0010632

- CPF0010638

- CPF0010639

- CPF0010641

- CPF0010643

- CPF0010645

- CPF0010651

- CPF0010652

- CPF0011912

- CPF0013165

- CPF0013166

- CPF0013167

- CPF0013173

- CPF0013176

- CPF0014503

- CPF0014504

- CPF0014505

- CPF0014506

- CPF0014519

- CPF0014520

- CPF0014524

- CPF0014533

- CPF0014534

- CPF0014860

- CPF0014886

- CPF0014890

- CPF0014899

- CPF0014904

- CPF0014923

- CPF0014925

- CPF0014984

- CPF0014986

- CPF0014999

- CPF0015009

- CPF0015010

- CPF0015061

- CPF0015279

- CPF0015292

- CPF0015303

- CPF0015342

- CPF0015380

- CPF0015381

- CPF0015384

- CPF0015385

- CPF0015386

- CPF0015387

- CPF0015400

- CPF0015410

- CPF0015416

- CPF0015517

- CPF0015518
- CPF0015528
- CPF0015780
- CPF0015781
- CPF0015799
- CPF0015800
- CPF0015816
- CPF0015817
- CPF0015830
- CPF0015831
- CPF0015851
- CPF0015913
- CPF0015914
- CPF0016030
- CPF0016049
- CPF0016051
- CPF0016058
- CPF0016077
- CPF0016078
- CPF0016079
- CPF0016111
- CPF0016113
- CPF0016134
- CPF0016135
- CPF0016193
- CPF0016213
- CPF0016214

- CPF0016218
- CPF0016236
- CPF0016237
- CPF0016251
- CPF0016252
- CPF0016271
- CPF0016274
- CPF0016295
- CPF0016296
- CPF0016394
- CPF0016395
- CPF0016413
- CPF0016470
- CPF0016471
- CPF0016472
- CPF0016495
- CPF0016496
- CPF0016544
- CPF0016545
- CPF0016566
- CPF0016829
- CPF0016883
- CPF0016966
- CPF0016967
- CPF0016968
- CPF0016991
- CPF0017103

- CPF0017246

- CPF0017247

- CPF0017248

- CPF0017299

- CPF0017300

- CPF0017355

- CPF0017372

- CPF0017397

- CPF0017429

- CPF0017430

- CPF0017454

- CPF0017455

- CPF0017456

- CPF0017482

- CPF0017483

- CPF0017484

- CPF0017485

- CPF0017534

- CPF0017535

- CPF0017561

- CPF0017614

- CPF0017615

- CPF0017642

- CPF0017695

- CPF0017718

- CPF0017719

- CPF0017742

- CPF0017743

- CPF0057885

- CPF0071921

- CPF0076638

- CPF0082220

- CPF0083211

- CPF0083262

- CPF0083330

- CPF0105261

- CPF0105317

- CPF0105376

- CPF0105436

- CPF0145338

- CPF0145434

- CPF0145980

- CPF0151528

- CPF0190775

- CPF0190794

- CPF0190864

- CPF0190866

- CPF0215814

- CPF0216766

- CPF0216776

- CPF0217082

- CPF0217118

- CPF0217658

- CPF0217710

- CPF0217763

- CPF0217815

- CPF0220529

- CPF0221411

- CPF0227520

- CPF0227574

- CPF0247021

- CPF0247760

- CPF0247783

- CPF0248249

- CPF0248507

- CPF0249789

- CPF0250571

- CPF0250599

- CPF0250646

- CPF0250672

- CPF0250691

- CPF0257366

- CPF0257398

- CPF1165089

- CPF1165092

- CPF1165096

- CPF1165104

- CPF1165112

- CPF1165116

- CPF1165128

- CPF1165167

- CPF1165173

- CPF1165182

- CPF1165221

- CPF1165313

- CPF1166652

- CPF1169932

- CPF1178897

- CPF1291114

- CPF1291115

- CPF1305823

- CPF1306393

- CPF1306425

- CPF1306460

- CPF1306492

- CPF1310807

- CPF1310810

- CPF1312007

- CPF1312105

- CPF1312244

- CPF1312252

- CPF1312260

- CPF1312266

- CPF1316973

- CPF1319187

- CPF1319191

- CPF1337209

- CPF1337211

- CPF1337213

- CPF1337215

- CPF1337217

- CPF1337219

- CPF1337222

- CPF1337224

- CPF1337226

- CPF1337228

- CPF1337230

- CPF1337232

- CPF1337236

- CPF1337238

- CPF1337240

- CPF1337244

- CPF1337246

- CPF1337271

- CPF1346851

- CPF1347290

- CPF1347652

- CPF1704865

- CPF1741142

- CPF1741145

- CPF1758244

- CPF1760528

- CPF1760530

- CPF1762620

- CPF1762622

- CPF1762624

- CPF1762626

- CPF1762628

- CPF1762630

- CPF1762632

- CPF1762634

- CPF1762636

- CPF1762638

- CPF1762640

- CPF1762642

- CPF1762644

- CPF1762670

- CPF1767285

- CPF1771122

- CPF1783027

- CPF1790484

- CPF1790488

- CPF1790493

- CPF1790495

- CPF1790497

- CPF1790499

- CPF1790958

- CPF1790960

- CPF1790962

- CPF1790964

- CPF1790966

- CPF1790968

- CPF1790971
- CPF1790973
- CPF1790977
- CPF1790979
- CPF1790983
- CPF1790985
- CPF1790987
- CPF1790992
- CPF1790994
- CPF1791535
- CPF1791566
- CPF1791722
- CPF1791724
- CPF1791732
- CPF1791898
- CPF1791900
- CPF1791902
- CPF1791915
- CPF1791917
- CPF1791919
- CPF1791921
- CPF1791923
- CPF1791934
- CPF1791936
- CPF1791938
- CPF1791940
- CPF1791949

- CPF1791951

- CPF1791953

- CPF1791955

- CPF1791966

- CPF1791968

- CPF1791970

- CPF1791972

- CPF1791983

- CPF1791987

- CPF1792039

- CPF1792043

- CPF1792047

- CPF1792051

- CPF1792055

- CPF1792149

- CPF1792151

- CPF1792153

- CPF1792155

- CPF1792157

- CPF1792159

- CPF1792161

- CPF1792163

- CPF1792165

- CPF1792167

- CPF1792169

- CPF1792171

- CPF1792173

- CPF1792175

- CPF1792177

- CPF1792179

- CPF1792181

- CPF1792183

- CPF1792186

- CPF1792188

- CPF1792190

- CPF1792194

- CPF1792196

- CPF1792198

- CPF1792200

- CPF1792202

- CPF1792204

- CPF1792206

- CPF1792208

- CPF1792210

- CPF1792212

- CPF1792214

- CPF1792216

- CPF1792218

- CPF1792220

- CPF1792222

- CPF1792224

- CPF1792226

- CPF1792228

- CPF1792230

- CPF1792232

- CPF1792559

- CPF1792655

- CPF1792958

- CPF1796373

- CPF1796375

- CPF1798965

- CPF1800834

- CPF1801576

- CPF1801578

- CPF1803512

- CPF1804616

- CPF1805333

- CPF1806434

- CPF1806436

- CPF1806438

- CPF1806440

- CPF1806442

- CPF1806640

- CPF1806704

- CPF1806706

- CPF1806708

- CPF1806710

- CPF1806712

- CPF1806714

- CPF1806716

- CPF1806718

- CPF1807152

- CPF1808454

- CPF1808458

- CPF1808715

- CPF1808733

- CPF1812102

- CPF1812108

- CPF1812430

- CPF1812458

- CPF1812460

- CPF1812517

- CPF1812524

- CPF1812528

- CPF1812532

- CPF1812593

- CPF1812597

- CPF1812601

- CPF1812790

- CPF1812794

- CPF1812798

- CPF1818058

- CPF1818060

- CPF1818062

- CPF1818064

- CPF1821955

- CPF1832302

- CPF1832305

- CPF1832309
- CPF1832321
- CPF1832325
- CPF1832329
- CPF1832354
- CPF1832363
- CPF1832369
- CPF1832451
- CPF1836136
- CPF1836311
- CPF1836318
- CPF1836324
- CPF1836350
- CPF1875765
- CPF1940764
- CPF1940816
- CPF1941329
- CPF1999355
- CPF1999700
- CPF2000062
- CPF2002691
- CPF2002702
- CPF2002726
- CPF2002734
- CPF2002756
- CPF2002811
- CPF2002831

- CPF2002882

- CPF2002946

- CPF2003086

- CPF2003112

- CPF2003168

- CPF2006808

- CPF2012348

- CPF2012401

- CPF2015093

- CPF2015847

- CPF2020429

- CPF2023622

- CPF2027433

- CPF2027449

- CPF2027523

- CPF2027575

- CPF2030205

- CPF2050111

- CPF2050114

- CPF2050823

- CPF2051522

- CPF2051524

- CPF2051526

- CPF2051528

- CPF2051530

- CPF2051532

- CPF2051536

- CPF2051538

- CPF2051540

- CPF2051545

- CPF2051547

- CPF2051787

- CPF2051929

- CPF2051930

- CPF2051937

- CPF2051942

- CPF2051962

- CPF2051988

- CPF2052480

- CPF2052482

- CPF2052484

- CPF2052486

- CPF2052488

- CPF2052490

- CPF2052492

- CPF2052494

- CPF2052496

- CPF2052498

- CPF2052500

- CPF2052502

- CPF2052504

- CPF2052506

- CPF2052508

- CPF2052510

- CPF2052512

- CPF2052514

- CPF2052517

- CPF2052519

- CPF2052521

- CPF2052525

- CPF2052527

- CPF2052529

- CPF2052531

- CPF2052533

- CPF2052535

- CPF2052537

- CPF2052539

- CPF2052541

- CPF2052543

- CPF2052545

- CPF2052547

- CPF2052549

- CPF2052551

- CPF2052553

- CPF2052555

- CPF2052557

- CPF2052559

- CPF2052561

- CPF2052563

- CPF2052567

- CPF2052568

- CPF2052614

- CPF2052616

- CPF2052625

- CPF2052628

- CPF2052637

- CPF2052641

- CPF2052643

- CPF2052660

- CPF2052666

- CPF2052684

- CPF2052688

- CPF2052989

- CPF2053005

- CPF2053093

- CPF2053596

- CPF2053701

- CPF2053704

- CPF2053713

- CPF2053717

- CPF2053736

- CPF2053742

- CPF2053760

- CPF2053764

- CPF2053883

- CPF2053895

- CPF2054006

- CPF2054032

- CPF2055204

- CPF2055483

- CPF2055485

- CPF2056199

- CPF2056201

- CPF2056211

- CPF2056213

- CPF2056484

- CPF2056916

- CPF2056919

- CPF2056932

- CPF2056951

- CPF2056964

- CPF2056982

- CPF2056986

- CPF2057165

- CPF2057241

- CPF2057244

- CPF2057257

- CPF2057276

- CPF2057289

- CPF2057307

- CPF2057311

- CPF2057634

- CPF2057662

- CPF2057709

- CPF2057735

- CPF2057754

- CPF2058435

- CPF2058436

- CPF2058455

- CPF2058459

- CPF2058461

- CPF2058465

- CPF2058467

- CPF2058469

- CPF2058471

- CPF2058475

- CPF2058477

- CPF2058720

- CPF2058722

- CPF2058724

- CPF2058726

- CPF2058728

- CPF2058806

- CPF2058807

- CPF2058808

- CPF2058809

- CPF2058851

- CPF2059188

- CPF2059350

- CPF2059352

- CPF2059354

- CPF2059356

- CPF2059358

- CPF2059360

- CPF2059362

- CPF2059364

- CPF2059366

- CPF2059368

- CPF2059370

- CPF2059372

- CPF2059374

- CPF2059379

- CPF2059381

- CPF2059383

- CPF2059385

- CPF2059387

- CPF2059389

- CPF2059391

- CPF2059393

- CPF2059395

- CPF2059397

- CPF2059399

- CPF2059401

- CPF2059403

- CPF2059436

- CPF2059438

- CPF2059440

- CPF2059442

- CPF2059444

- CPF2059446

- CPF2059448

- CPF2059450

- CPF2059452

- CPF2059454

- CPF2059456

- CPF2059458

- CPF2059460

- CPF2059798

- CPF2059825

- CPF2059827

- CPF2060160

- CPF2060165

- CPF2060167

- CPF2060184

- CPF2060188

- CPF2060192

- CPF2060198

- CPF2060202

- CPF2060206

- CPF2060348

- CPF2060352

- CPF2060356

- CPF2060358

- CPF2060360

- CPF2060362

- CPF2060364

- CPF2060366

- CPF2060368

- CPF2060370

- CPF2060372

- CPF2060910

- CPF2060917

- CPF2061113

- CPF2061200

- CPF2061958

- CPF2062009

- CPF2062367

- CPF2062418

- CPF2062770

- CPF2062822

- CPF2063053

- CPF2063108

- CPF2063111

- CPF2063355

- CPF2063356

- CPF2063528

- CPF2063655

- CPF2064081

- CPF2064334

- CPF2065302

- CPF2076509

- CPF2078004

- CPF2078084

- CPF2081436

- CPF2081438

- CPF2081448

- CPF2081450

- CPF2081460

- CPF2081462

- CPF2085983

- CPF2087609

- CPF2088603

- CPF2088727

- CPF2089575

- CPF2089581

- CPF2100955

- CPF2101223

- CPF2101677

- CPF2101843

- CPF2101919

- CPF2102284

- CPF2102504

- CPF2103620

- CPF2108668

- CPF2108670

- CPF2112563

- CPF2113250

- CPF2114864

- CPF2114868

- CPF2116909

- CPF2116910

- CPF2116940

- CPF0009541

- CPF0009542

- CPF0009543

- CPF0009544

- CPF0009853

- CPF0010023

- CPF0010089

- CPF0010410

- CPF0010453

- CPF0010563

- CPF0010565

- CPF0010566

- CPF0010642

- CPF0013457

- CPF0014500

- CPF0014501

- CPF0014510

- CPF0014903

- CPF0014985

- CPF0015302

- CPF0015503

- CPF0015504

- CPF0015798

- CPF0015912

- CPF0016029

- CPF0016050

- CPF0016057

- CPF0016112

- CPF0016216

- CPF0016217

- CPF2117800

- CPF2117040

- championpetfoods.com

- fda.gov