# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| **SCOTT WEAVER,** individually and on behalf of all others similarly situated**,**<br><br>**PLAINTIFF,**<br><br>v.<br><br>**CHAMPION PETFOODS USA, INC.** and **CHAMPION PETFOODS LP,**<br><br>**DEFENDANTS.** | Case No. 2:18-cv-01996-JPS |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO LIMIT THE TESTIMONY OF DEFENDANTS' EXPERT WITNESS, DR. KATERINA MASTOVSKA**

**TABLE OF CONTENTS**

INTRODUCTION ...................................................................................................................1

FACTUAL BACKGROUND..................................................................................................2

ARGUMENT............................................................................................................................3

    I.       The *Daubert* and Rule 702 Standard ........................................................................3

    II.      Dr. Mastovska's Opinions Regarding Competitor Dog Foods Are Irrelevant,
             Unhelpful to the Trier of Fact, and Likely to Confuse the Jury................................4

    III.     Dr. Mastovska's Opinions Improperly Suggest a Legal Conclusion.......................6

CONCLUSION.........................................................................................................................8

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Daubert v. Merrell Dow Pharmaceuticals, Inc.*,
   509 U.S. 579 (1993) .................................................................................................. 2, 3, 4

*Davis v. Duran*,
   277 F.R.D. 362 (N.D. Ill. 2011) ........................................................................................ 6

*Deimer v. Cincinnati Sub-Zero Prod., Inc.*,
   58 F.3d 341 (7th Cir. 1995) .............................................................................................. 6

*Empire Med. Review Servs., Inc. v. CompuClaim, Inc.*,
   No. 13-CV-1283, 2018 WL 5823660 (E.D. Wis. Mar. 16, 2018) ................................... 3

*Fail-Safe, L.L.C. v. A.O. Smith Corp.*,
   744 F. Supp. 2d 870 (E.D. Wis. 2010) ............................................................................. 4

*Good Shepherd Manor Found., Inc. v. City of Momence*,
   323 F.3d 557 (7th Cir.2003) ......................................................................................... 7, 8

*Gopalratnam v. Hewlett-Packard Co.*,
   877 F.3d 771 (7th Cir. 2017) ............................................................................................ 3

*Haynes v. Indiana Univ.*,
   No. 15-CV-01717-LJM, 2017 WL 3581634 (S.D. Ind. Aug. 18, 2017) .......................... 5

*Howell Tractor & Equip., LLC v. Alliance Tank Serv., LLC*,
   No. 14-CV-0302, 2018 WL 1400886 (N.D. Ind. Mar. 20, 2018) ..................................... 5

*In Re Ocean Bank*,
   481 F.Supp.2d 892 (N.D. Ill. 2007) ................................................................................. 7

*Kumho Tire Co. v. Carmichael*,
   526 U.S. 137 (1999) ......................................................................................................... 3

*Lapsley v. Xtek, Inc.*,
   689 F.3d 802 (7th Cir. 2012) ............................................................................................ 3

*Maguire v. Nat'l R.R. Passenger Corp.*,
   No. 99 C 3240, 2002 WL 472275 (N.D. Ill. Mar. 28, 2002) ............................................ 6

*Marx and Co., Inc. v. Diners' Club, Inc.*,
   550 F.2d 505 (2d Cir.) ...................................................................................................... 4

*Smith v. Ford Motor Co.*,
  215 F.3d 713 (7th Cir. 2000) .................................................................................. 3, 4

*State Farm Fire & Cas. Co. v. Electrolux Home Prods., Inc.*,
  980 F.Supp.2d 1031 (N.D. Ind. 2013) ......................................................................... 5

*United States v. Betts-Gaston*,
  860 F.3d 525 (7th Cir. 2017) ........................................................................................ 6

*United States v. Gallardo*,
  497 F.3d 727 (7th Cir. 2007) ........................................................................................ 5

*United States v. Hall*,
  93 F.3d 1337 (1996) ..................................................................................................... 6

*United States v. Jungles*,
  903 F.2d 468 (7th Cir. 1990) ........................................................................................ 4

**RULES**

Federal Rule of Evidence 702 ............................................................................... 2, 3, 4

**INTRODUCTION**

Plaintiff's claims in this case involve false and/or misleading statements made by CPF on the labels and packaging of its Dog Foods.[1] *See* Third Amended Complaint ("TAC") at ¶¶91-93 (ECF No. 41).These claims exclusively relate to the quality – not safety – of the Dog Food advertised and sold by CPF and its retailers throughout the United States. *See, e.g.* TAC at ¶112. Plaintiff does not claim that CPF misrepresents the quality of its Dog Food in comparison to other brands of dog foods, and Plaintiff certainly does not allege that the Dog Food is ***unsafe*** in comparison to other brands of dog food. *See generally* TAC. This is a straight-forward consumer protection case brought on behalf of consumers who relied on CPF's direct and specific promises that the Dog Food was biologically appropriate, made with fresh regional ingredients, never outsourced, and paid a premium price for the Dog Food, despite the fact that it has a risk of containing heavy metals, bisphenol A (BPA), pentobarbital, as well as non-fresh and non-regional ingredients.

CPF offers Dr. Katerina Mastovska as an expert to testify about BPA testing results for CPF's Dog Food as well as for "competitor dog food samples." She opines that: (1) her employer Eurofins tested pet food samples and believes there is a scientifically-valid method applicable to BPA analysis; (2) "the quality control and data acceptance criteria of the method were met," and (3) "the reported results are reliable with regard to the identification of BPA." Ex. 1 (Mastovska Report at 7). However, any opinions about the presence or level of BPA in competitor's dog foods are simply irrelevant, not helpful to the trier of fact, and risk misleading the jury in this case about

---

[1] "CPF" refers to Champion Petfoods USA, Inc. and Champion Petfoods LP. "Dog Food" is identified in Paragraphs 7 and 26 of the Third Amended Complaint ("TAC"). Unless otherwise noted, "¶" references are to the TAC and references to "Ex. __" are exhibits to the Declaration of Rebecca A. Peterson in support of this motion.

1

CPF's misleading and false representations about its Dog Food, and thus do not meet the requirements of Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) ("*Daubert*"). They are also based on an unreliable methodology because the ten samples of other dog foods tested were chosen by CPF and its counsel, not through any scientific sampling process. Thus, Dr. Mastovska should be precluded from testifying about the BPA test results for competitor dog food products.

## FACTUAL BACKGROUND

CPF retained Dr. Mastovska, who is an employee of Eurofins Food Integrity and Innovation, a company that owns and operates labs around the United States and internationally. Ex. 2 (Mastovska Dep. at 8:1-9:11). Dr. Mastovska leads the Eurofins R&D innovation team, which develops new methods for food analysis, and she was involved in Eurofins' development of a BPA testing methodology. *Id.* at 13:17-14:19. As part of her work in this case, Dr. Mastovska reviewed the results of BPA test performed by Eurofins on CPF's Dog Food and competitor brands of dog food. Ex. 1 (Mastovska Report at 5-7). Dr. Mastovska does not know how the 10 varieties of competitor dog foods tested were chosen, and she did not request to test any additional CPF foods or any additional competitor foods. Ex. 2 (Mastovska Dep. at 110:1-12). The BPA testing reported by Dr. Mastovska detected BPA above Eurofins' 5 ppb limit of quantification for a number of varieties of CPF's Dog Food, some at levels nearly twice that as what was detected in competitor products. Ex. 1 (Mastovska Report at 5-7). However, whether and at what level arbitrarily chosen different brands of dog food contain BPA is simply irrelevant to Plaintiff's claims about the risk of BPA in CPF's Dog Food as it relates to CPF's misrepresentations on its packaging. Moreover, allowing this evidence would permit Dr. Mastovska to opine on a legal conclusion in this case- whether CPF's misrepresentations about BPA rise to the level of an

actionable claim. Any opinions by Dr. Mastovska about dog food other than CPF's Dog Food should be excluded.

## ARGUMENT

### I. The *Daubert* and Rule 702 Standard

The admissibility of expert testimony is governed by Fed. R. Evid. 702, which "permits testimony by qualified experts where such testimony will help the trier of fact understand the evidence or decide the factual issues." *Lapsley v. Xtek, Inc.*, 689 F.3d 802, 809 (7th Cir. 2012). Such testimony must be relevant, reliable, and have a factual basis to be admissible under FRE 702. *Id.* The party offering the expert bears the burden of demonstrating that the expert testimony meets the requirements of FRE 702 and *Daubert*. *See Empire Med. Review Servs., Inc. v. CompuClaim, Inc.*, No. 13-CV-1283, 2018 WL 5823660, at *2 (E.D. Wis. Mar. 16, 2018).

Under the *Daubert* framework, the trial court serves "as an evidentiary gatekeeper, ensuring that an expert's testimony rests on a reliable foundation and is relevant to the task at hand." *Gopalratnam v. Hewlett-Packard Co.*, 877 F.3d 771, 778–79 (7th Cir. 2017) (quotation marks omitted; citation omitted). This gatekeeper role is necessary because "expert evidence can be both powerful and quite misleading because of the difficulty in evaluating it." *Id.* (quoting *Daubert*, 509 U.S. at 595). The district court holds broad discretion in its gatekeeper function of determining the relevance and reliability of the expert opinion testimony. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141 (1999). In performing its gatekeeper role, the Court should examine "(1) the proffered expert's *qualifications*; (2) the *reliability* of the expert's methodology; and (3) the *relevance* of the expert's testimony." *Id.*

The issue in this motion is relevance. Expert evidence is relevant where it will "assist the trier of fact with its analysis of any of the issues involved in the case." *Smith v. Ford Motor Co.*,

215 F.3d 713, 718 (7th Cir. 2000). Relevant evidence is evidence that has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." *Fail-Safe, L.L.C. v. A.O. Smith Corp.*, 744 F. Supp. 2d 870, 887 (E.D. Wis. 2010) (quoting *Daubert*, 509 U.S. at 587).

## II. Dr. Mastovska's Opinions Regarding Competitor Dog Foods Are Irrelevant, Unhelpful to the Trier of Fact, and Likely to Confuse the Jury

CPF, through Dr. Mastovska, seeks to introduce the level of BPA found in "competitor" dog food products as evidence in this case, which is not about the dog food industry as a whole but rather about specific misrepresentations made by CPF on its Dog Food packaging. Whether and at what level ten arbitrarily selected dog foods contain BPA has no bearing on Plaintiff's claims that CPF's direct and specific promises that the Dog Food was biologically appropriate, made with fresh regional ingredients, never outsourced, and natural were misleading or false because it has a risk of containing heavy metals, BPA, and pentobarbital as well as non-fresh and non-regional ingredients. These testing results are simply irrelevant, and thus will not assist the trier of fact, are likely to confuse the jury, and should be excluded.

To meet the admissibility requirements of Rule 702 and *Daubert*, expert evidence must be relevant and "assist the trier of fact with its analysis of any of the issues involved in the case." *Smith v. Ford Motor Co.*, 215 F.3d at 718. Expert testimony must embrace factual issues and may not include legal opinions or conclusions. *United States v. Jungles,* 903 F.2d 468, 477 (7th Cir. 1990), nor is the expert opinion to an ultimate issue admissible when it consists of legal conclusions or opinions. *Marx and Co., Inc. v. Diners' Club, Inc.,* 550 F.2d 505, 508-10 (2d Cir.), cert. denied, 434 U.S. 861 (1977) and *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993).

Where an expert's proposed opinion lacks the requisite relevance and would not assist the trier of fact in determining any ultimate issue, the Seventh Circuit and courts within the Seventh Circuit have repeatedly found that the opinion should be excluded. *See e.g., United States v. Gallardo*, 497 F.3d 727, 733 (7th Cir. 2007) (affirming trial court's exclusion of expert witness where witness's testimony would not help the jury to determine any fact in issue); *Haynes v. Indiana Univ.*, No. 15-CV-01717-LJM, 2017 WL 3581634, at *9-10 (S.D. Ind. Aug. 18, 2017) (granting motion to strike expert where expert's testimony was "irrelevant"); *State Farm Fire & Cas. Co. v. Electrolux Home Prods., Inc.*, 980 F.Supp.2d 1031, 1051 (N.D. Ind. 2013) (excluding opinions of an expert that did not meet the relevancy requirements of the Federal Rules of Evidence); *Howell Tractor & Equip., LLC v. Alliance Tank Serv., LLC*, No. 14-CV-0302, 2018 WL 1400886, at *5 (N.D. Ind. Mar. 20, 2018) (excluding experts' opinions where proposed opinions were not needed and irrelevant to the evaluation of issues).

This case is about CPF's misrepresentations about the quality of the Dog Food and the component ingredients. *See, e.g.* TAC at ¶112 This case is not about any other brand of dog food; only the CPF products are at issue and the presence of BPA in a limited sample of CPF's competitors' products is irrelevant to Plaintiff's claims. *See* TAC at ¶7. Based on the opinions offered by CPF's expert Dr. Poppenga (which Plaintiff has moved to exclude, *see* ECF No. 82), CPF may attempt to argue that this evidence is relevant to its defense that the level of BPA in its Dog Food is within industry standards. *See* ECF No. 47 at 16-17 (CPF's motion for summary judgment, arguing that its testing of other dog food brands showed that they also contained BPA in support of its contention that BPA is widely present in the environment). However, Plaintiff's claims are not about industry standards- they are about whether CPF misrepresented the quality of its own Dog Food through its BAFRINO misrepresentations. *See generally* TAC. Thus, Dr.

Mastovska's opinion that ten "competitor dog food samples" showed varying levels of BPA is irrelevant.

Dr. Mastovska's irrelevant opinion about BPA in competitor products presents the real possibility that it will confuse the jury about the claims and issues in the case. Specifically, whether a statement is misleading here will not turn on how the level of BPA in the Dog Food compares to other brands of dog foods. Thus, the potential for jury confusion also supports excluding Dr. Mastovska's opinions. *United States v. Betts-Gaston,* 860 F.3d 525, 532–33 (7th Cir. 2017), *cert. denied,* 138 S. Ct. 689, (2018) (affirming district court's bar of proposed "irrelevant and confusing" expert testimony); *Maguire v. Nat'l R.R. Passenger Corp.*, No. 99 C 3240, 2002 WL 472275, at *1 (N.D. Ill. Mar. 28, 2002) (citing *United States v. Hall*, 93 F.3d 1337, 1343 (1996)). To allow CPF to offer BPA testing results of other dog foods through Dr. Mastovska's testimony risks "hopelessly and irretrievably deflect[ing]" the fact finder's attention from "the pivotal question" of whether CPF's Dog Food packaging was misleading. *See, e.g., Davis v. Duran*, 277 F.R.D. 362, 369 (N.D. Ill. 2011); *Deimer v. Cincinnati Sub-Zero Prod., Inc.*, 58 F.3d 341, 345 (7th Cir. 1995) (affirming exclusion of expert testimony under *Daubert* as it failed to "fit" and "would be of no help to the trier of fact in evaluating the evidence" because the expert witness failed to "apply his analysis to the facts of this case"). Dr. Mastovska's opinions about BPA in competitor dog foods should be excluded on relevancy grounds alone.

### III. Dr. Mastovska's Opinions Improperly Suggest a Legal Conclusion

Dr. Mastovska's opinions should also be excluded for other reasons. Namely, allowing Dr. Mastovska to testify about the levels of BPA in the arbitrarily selected ten samples of other dog food improperly suggests to the trier of fact that those results should be used as a benchmark to determine whether the risk of the presence of BPA in CPF's Dog Food is misleading such that

6

Plaintiff should prevail on his claims. *Good Shepherd Manor Found., Inc. v. City of Momence*, 323 F.3d 557 (7th Cir.2003) ("[E]xpert testimony as to legal conclusions that will determine the outcome of the case is inadmissible."); *see In Re Ocean Bank*, 481 F.Supp.2d 892, 899 (N.D. Ill. 2007) (finding that "Seventh Circuit precedent outlined above clearly indicates that expert testimony on both legal conclusions and on the meaning of statutory provisions (or 'legislative history') is improper.").

Dr. Mastovska testified that Eurofins conducted BPA testing on non-CPF dog foods chosen by CPF simply because CPF asked them to. Ex. 2 (Mastovska Dep. at 85:25-86:6). Those samples were sent to Eurofins in unmarked bottles so they could be tested blind, meaning that Eurofins, and Dr. Mastovska, did not know the brand or variety of the dog food until after receiving the BPA test results for those samples. *Id.* at 86:7-87:8. Interestingly, the CPF Dog Foods were sent to Eurofins in their original packaging and not tested blind. *Id.* at 86:16-21, 109:1-9. The competitor products to be tested were chosen by CPF and its counsel with no apparent scientific basis and no support to allege that it is a representative sample of competitor products. *See* Ex. 1 (Mastovska Report at Ex. F at ¶3 (Declaration of Paul Irvin)) ("Ramboll was retained by Greenberg Traurig LLP representing Champion Petfoods and directed to obtain and submit samples of commercially available dog food products for analysis of bisphenol-A (BPA). I was assigned to obtain the products, collect the samples, prepare chain of custody documentation and ship the samples to Eurofins Food Integrity and Innovation (Eurofins) in Madison, Wisconsin."). Dr. Mastovska and Eurofins played no role in selecting the ten non-CPF dog foods to test, never asked to test any additional products, and apparently did not inquire at all into whether these ten products were in fact a representative sample of competitor dog food products. Ex. 2 (Mastovska Dep. at 110:1-12).

The data from this arbitrarily chosen sample of "competitor" dog food is then used by Dr. Mastovska to support the legal conclusion that the comparing the level of BPA in CPF's Dog Food to the level of BPA from the ten samples of dog food chosen for testing by counsel for CPF out of the likely hundreds of possible "competitor" dog food products is the appropriate standard for the jury to use to determine whether CPF's misrepresentations related to BPA are actionable under the law. This is not proper. *See Good Shepherd Manor Found.,* 323 F.3d 557. Thus, in addition to the fact that these opinions are irrelevant to the question of whether CPF made false or misleading statements, Dr. Mastovska's opinions as to competitor products must be excluded because they attempt to offer a final legal conclusion.

## **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that Dr. Mastovska be precluded from offering opinions in this matter regarding the BPA testing results from Eurofins for competitor dog food samples, as they are irrelevant and unreliable.

Dated: October 15, 2019　　　　　　　　　　LOCKRIDGE GRINDAL NAUEN P.L.L.P.

　　　　　　　　　　　　　　　　　　　　By s/ Rebecca A. Peterson
　　　　　　　　　　　　　　　　　　　　CHARLES N. NAUEN, #1031943
　　　　　　　　　　　　　　　　　　　　ROBERT K. SHELQUIST
　　　　　　　　　　　　　　　　　　　　REBECCA A. PETERSON
　　　　　　　　　　　　　　　　　　　　100 Washington Avenue South, Suite 2200
　　　　　　　　　　　　　　　　　　　　Minneapolis, MN 55401
　　　　　　　　　　　　　　　　　　　　Telephone: (612) 339-6900
　　　　　　　　　　　　　　　　　　　　Facsimile: (612) 339-0981
　　　　　　　　　　　　　　　　　　　　E-mail: cnnauen@locklaw.com
　　　　　　　　　　　　　　　　　　　　rkshelquist@locklaw.com
　　　　　　　　　　　　　　　　　　　　rapeterson@locklaw.com

GUSTAFSON GLUEK, PLLC
DANIEL E. GUSTAFSON
KARLA M. GLUEK
RAINA C. BORRELLI
Canadian Pacific Plaza
120 South 6th Street, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 333-8844
Facsimile: (612) 339-6622
E-mail: dgustafson@gustafsongluek.com
kgluek@gustafsongluek.com
rborrelli@gustafsongluek.com

ROBBINS ARROYO LLP
KEVIN A. SEELY (199982)
STEVEN M. MCKANY (271405)
5040 Shoreham Place
San Diego, CA 92122
Telephone: (619) 525-3990
Facsimile: (619) 525-3991
E-mail: kseely@robbinsarroyo.com
smckany@robbinsarroyo.com

CUNEO GILBERT & LADUCA, LLP
CHARLES LADUCA
KATHERINE VAN DYCK
4725 Wisconsin Ave NW, Suite 200
Washington, DC 20016
Telephone: 202-789-3960
Facsimile: 202-789-1813
E-mail: kvandyck@cuneolaw.com
charles@cuneolaw.com

LITE DEPALMA GREENBERG, LLC
JOSEPH DEPALMA
SUSANA CRUZ HODGE
570 Broad Street, Suite 1201
Newark, NJ 07102
Telephone: (973) 623-3000
E-mail: jdepalma@litedepalma.com
scruzhodge@litedepalma.com

PETERSON LAW and MEDIATION, LLC
Mark A. Peterson (Wisconsin SBN 1016259)
1433 N Water Street, Suite 400
Milwaukee, WI 53202
Telephone: (414) 877-7312
Email: mark@markpetersonlaw.com

*Attorneys for Plaintiff*