# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

SCOTT WEAVER,

                Plaintiff,

v.

CHAMPION PETFOODS USA INC. and CHAMPION PETFOODS LP,

                Defendants.

Case No. 18-CV-1996-JPS

**ORDER**

On December 4, 2019, the Court vacated the trial date in this matter pending issuance of a ruling on a motion to exclude two of Plaintiff's experts offering opinions on damages. (Docket #132). The Court published that decision on December 31, 2019. (Docket #134). The Court excluded Plaintiff's experts, one of whom had created a consumer survey to support Plaintiff's damages theory, and the other who actually calculated dollar figures for class-wide damages using the survey data. *Id.* Anticipating that this ruling would drastically alter the parties' positions on summary judgment and class certification, the Court also denied pending motions on those subjects without prejudice. *Id.*

The Court anticipated that the parties would re-file their motions promptly, excising any argument related to the excluded experts and, at least in Plaintiff's case, including any other previously un-argued bases to support his claim for damages. Indeed, Plaintiff hinted at the possibility of such fallback arguments in a prior motion. (Docket #131). Instead, on January 3, 2020, Plaintiff filed a motion seeking four months to conduct a new survey which corrected the errors the Court identified in the prior

survey, and asking the Court to set briefing deadlines accordingly. (Docket #135).

The Court will deny Plaintiff's motion. The Court never intended for Plaintiff to get another bite at the apple to offer acceptable expert testimony.[1] Proper case management principles would also forbid the lengthy discovery and briefing timetables Plaintiff desires. Instead, the Court will direct the parties to what it originally intended. They shall re-file their motions, omitting any argument related to the excluded experts. Plaintiff is free to raise new bases to support his damages (should damages be an issue in a renewed summary judgment motion) to the extent those bases are valid (they have already been pleaded if necessary, and discovery has been completed thereon).

Because all of the issues have been previously briefed, the Court will set an abbreviated briefing schedule. Any renewed motions for summary judgment or class certification must be filed on or before **February 18, 2020**. Responses to those motions are due on **March 3, 2020**, and any replies are due on **March 10, 2020**.

---

[1] Plaintiff should not have been surprised by the Court's assessment of his survey evidence. Prior to this Court's ruling, another court had already excluded the same evidence for similar reasons. *Jennifer Reitman et al. v. Champion Petfoods USA, Inc. et al.*, No. 2:18-CV-1736-DOC-JPR (C.D. Cal.), (Docket #115-1 at 21–25). Further, Plaintiff cannot credibly claim that he failed to see the deficiencies in the survey which were discussed by both this Court and the California court. Put bluntly, the disconnect between Plaintiff's liability theory and the damages survey he produced is obvious. It was immediately apparent to both courts and was likely apparent to Plaintiff as well. Instead, as the Court discussed in its order excluding the survey evidence, Plaintiff intentionally chose to construct his survey as he did to advantage him in this litigation. (Docket #134 at 9–10). In other words, Plaintiff knowingly made this bed, and must now lie in it.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion to amend the case briefing schedule (Docket #135) be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that the parties shall follow the briefing schedule identified above.

Dated at Milwaukee, Wisconsin, this 4th day of February, 2020.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge